## Blue Valley Creamery Co. v. Cronimus.

(Decided Nov. 9, 1937.)

DAVIS, BOEHL, VISER & MARCUS and ROPKE & BALLANTINE for appellant.

TRABUE, DOOLAN, HELM & HELM and SELLIGMAN, GOLDSMITH, EVERHART & GREENEBAUM for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The Blue Valley Creamery Company, a corporation, instituted an action in the Jefferson circuit court

against C. H. Cronimus, seeking a judgment in the sum of $250 for damages to its truck resulting from the alleged negligence of an agent operating a truck for him on the streets of the city of Louisville, Ky., by colliding with and damaging its truck. Also, it sought the further sum of $50 for loss of the use of its truck, amounting in the aggregate to $300. Cronimus, by answer and counterclaim, denied the negligence claimed by the creamery company and the damages claimed by it, but alleged that his truck was damaged by the collision on account of the negligence of the agent in operation of the creamery company's truck to the sum of $350, and the further sum for the loss of the use of its truck during the time it was being repaired in the sum of $50, making a total of $400. A trial was had, resulting in the dismissal of the creamery company's petition, with a judgment for Cronimus on his counterclaim for $284.04 with 6 per cent. interest from the 23d day of June, 1936, until paid, and his costs expended. From that judgment, this appeal follows.

The facts are, that on or about the 4th day of March, 1935, at or near the intersection of Twenty-Third street and Greenwood avenue, in the city of Louisville, Jefferson county, Ky., the Blue Valley Creamery Company was operating its truck in a southwardly direction on Twenty-Third street, when at the same time and place C. E. Cronimus was operating his truck. The trucks collided and were both damaged by the collision. Each claimed that the damage was caused by the negligence and carelessness of the agents of the other operating the trucks. In addition to the damages to the truck, Fred Bohn, the agent and operator of the truck of Cronimus, was injured. There was also riding in the same truck of Bohn, Harold E. Eastin, who also was injured. From this collision, three suits were instituted Fred Bohn, on the 13th day of May, 1935, filed suit against the Blue Valley Creamery Company for personal injuries. On November 16, 1935, Harold E. Eastin filed suit against it in the Jefferson circuit court for personal injuries. The two suits were tried together, presided over by Judge B. H. Farnsley. Each party claimed that the injuries to himself resulted from the negligence of Herbert O. Jenkins, the agent operating at the time the truck owned by the Blue Valley Creamery Company. In that action the creamery company denied that the injury was caused by the negligence of

Jenkins, but alleged that it was solely the negligence of Fred Bohn, the agent of Cronimus, the defendant in this action; and, that Fred Bohn contributed to the negligence of Jenkins to such an extent that his contributory negligence was the proximate cause of the injury. The result of these actions was a judgment in favor of both Fred Bohn and Harold E. Eastin.

Before entering into a discussion of the questions involved, we must say that the proceeding here is not only novel, but unprecedented. However, the purpose was to correct what the trial court considered a long-followed error in proceedings of this kind. The trial court, after the jury had been selected, impaneled, and sworn, and the case stated by counsel for the respective parties on his own motion, repaired with counsel for the plaintiff and defendant to the judge's chambers. There the court announced to the attorneys, but not within the hearing of the jury:

"That the fact being that the suits of Bohn and Eastin that had been tried in the court of Judge Farnsley against the creamery company, the plaintiff in this action, and which suits were heard together, and involved primarily a question of responsibility for the collision between the trucks of the parties hereto, each seeking against the other damages to their respective trucks by claim and counter claim, that at that time the present suit was pending in his court; that he on his own motion, had made the record in the Bohn and Eastin cases parts of this record and had also prepared an opinion, which was filed June 13, 1936, and made a part of the record. It was his judgment that the question as to the responsibility for the collision between the trucks in the instant action was adjudicated and determined in those actions; that the trial of those two cases demonstrated that the collision was caused by the negligence of the driver of the creamery company's truck, the plaintiff in this action; that all parties involved were in his judgment in privity."

He then announced:

"That he would dismiss the petition of the plaintiff creamery company and would only submit to the jury the question as to the damages incurred by Cronimus on his counter claim as to the amount of damages he had sustained to his truck."

Thereupon, the court, on return from its chambers, said to the jury:

"This is the case of the Blue Valley Creamery Company against Cronimus, doing business as the Motor Convoy, the plaintiff claiming damages to an automobile truck owned by it, claiming that the defendant was responsible, or the defendant's agent was responsible for the collision in which that truck was damaged. The defendant claims that the plaintiff's agent was responsible for the collision, and he seeks damages on a counter claim. There were several suits growing out of this collision. I am holding that the verdict of a jury in two of those cases tried together sometime ago before one of the other judges determined the question of responsibility for the collision. I am dismissing the plaintiff's claim. I am going to submit to you the question only as to the damages to the defendant's truck in the collision. The record has been made up and it is going to the Court of Appeals, and the lawyers are going to shoot at me from every angle because I am taking a new turn on them. I think I am right however. So all you are going to hear is evidence as to the damage to the truck of Cronimus, which I am holding, as I said before, has already been decided, due to the fault of the driver of the plaintiff's truck."

To this ruling, and to every feature of such a proceeding, the Blue Valley Creamery Company objected and excepted. On the trial, the plaintiff offered a number of witnesses to testify as to the facts of the collision, but the court over its objection refused to permit them to testify.

The only evidence heard by the jury was that of one Bert Mason Tiffany, who repaired the truck of the defendant, and who fixed the damage at $284.04. The jury then on instructions of the court returned a verdict for that sum. The court entered a judgment for that amount with interest at the rate of 6 per cent. from the 23d day of June, 1936, until paid and its costs expended.

We note further that after the court had given and made a part of the record his opinion referred to, the defendant filed his amended answer in which he set up the proceedings and judgment in the court of Judge

Farnsley between Fred Bohn, etc., against the creamery company, and relied on the judgment as res judicata as estoppel to the plaintiff's recovery of damages to. its truck in this action. That answer was controverted on the record.

The question is, Was the judgment rendered. in favor of Fred Bohn, etc., res judicata and such an estoppel that could be pleaded and relied upon by the defendant, Cronimus, in this action as against the creamery company, the plaintiff, here? Res judicata is, in reality, a plea in estoppel. A judgment to be relied upon as an estoppel must be mutual. In other words, no party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it, had it been determined the other way. Freeman on Judgments (5th Ed.) sec. 428.

It is conceded that the damage to plaintiff's truck was not caused by the negligence of the defendant, Cronimus, or by the joint negligence of himself and agent, Bohn, who was operating same at the time of the collision of the two trucks. The damage to the plaintiff's truck was the result of the sole negligence of Bohn, the operator of the defendant's truck, either directly or by contribution, or the damage to plaintiff's truck was caused alone by the plaintiff's agent, who was operating its truck. Cronimus, the principal, and Bohn, the agent, were not tort-feasors. Whatever liability on the part of Cronimus that could have caused the damage to the truck of the creamery company rests alone on the doctrine of respondeat superior. In other words, the liability of the defendant, Cronimus, depended wholly upon the negligence of Bohn, his agent, in operating his truck, when the injuries complained of were consummated. In the action of Fred Bohn, etc., against the creamery company, in which the question was adjudicated at least between the plaintiff here and the agent of the defendant here, it was the verdict of the jury and the judgment of the court that the agent of the plaintiff, who was operating its truck, was the sole cause of the injuries resulting from the collision. That being true, on what principle of law can the plaintiff now by a separate action charge the defendant, Cronimus, the principal, of being liable to it for the damage to its truck; his liability being not as a joint tort-feasor, but

merely resting as before stated on the principle of respondeat superior? It is true that this court in the case of Illinois Central Railroad Company v. Murphy's Adm'r, 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352, and a number of other cases following, laid down a different rule. However, we said in the late case of Illinois Central Railroad Company v. Applegate's Adm'x, et al., 268 Ky. 458, 105 S. W. (2d) 153, 159, that the rule was first announced as follows:

"Where a recovery is sought against the master or principal solely on account of negligent acts of his servant or agent, a verdict in favor of the servant or agent does not preclude a judgment against the master or principal."

In the Applegate Case, supra, we said that the rule announced in the Murphy Case, supra, and other cases following, was based on the theory that the master and servant were joint tort-feasors, which theory was erroneous. The liability of the defendant in the instant case to the plaintiff, if any at all, is grounded upon the negligence of his servant and agent, Bohn, in operating the truck at the time of the collision. The liability of the plaintiff to the defendant on the counterclaim rests alone on the negligence of its agent and servant at the time of the collision. The question of negligence was adjudicated in the Bohn case, and it was there the judgment of the court that the damage of both Bohn and Eastin was solely on account of the negligence of the servant and agent of the plaintiff in operating its truck. Then, on what principle can the plaintiff now say that Cronimus, himself, was responsible for the injury to its truck? It is true that Cronimus was not a party in his own name to those suits; still there was such a relationship between him and his agent, Bohn, and such a relationship between the plaintiff and his agent, Jenkins, that both master or principal were bound by the judgment. In other words, the judgment in the Bohn-Eastin case against the creamery company determined that Jenkins, its agent, in operating its truck, was solely responsible for the collision. The parties here are identical, at least by agency-privity. The subject-matter is identical with that on which the judgment relied on was based. The plaintiff in the instant case was the defendant in that case. The defendant, Cronimus, in this case was represented by his servant or operator of his truck, and he is by that agency-

privity. The estoppel worked by the judgment operates the same on both parties. There is then as between the case tried and this case identity of subject-matter of parties by privity and the estoppel is mutual. In the instant case, the relationship of master and servant of the operators of the two trucks at the time of the collision is conceded. Each servant was acting under the authority and in the interest of his principal or master. The judgment, therefore, in the Bohn-Eastin case against the creamery company would and did preclude the plaintiff here from seeking judgment against Cronimus in this action, who was represented by his agent in that case.

In the case of Myers' Adm'x v. Brown, 250 Ky. 64, 61 S. W. (2d) 1052, 1053, we stated that it is a well-recognized principle of law:

"Where it is apparent that parties are mere agents and have acted both in the transaction in question and in the action under the authority and in the interest of their principal, they are privies to a judgment in another action involving the same issues and to which their principal was a party. And though it involves an apparent violation of the doctrine of mutuality of estoppel, the rule is general and well settled that where the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant, or even a judgment against him, insofar as it fixes the maximum limit of liability, is res judicata in favor of the principal or master though he was not a party to the action."

See Bigelow v. Old Dominion Copper Min., etc., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Bradley v. Rosenthal, 154 Cal. 420, 97 P. 875, 129 Am. St. Rep. 171; Betcher v. McChesney, 255 Pa. 394, 100 A. 124; Freeman on Judgments (5th Ed.) sec. 469, P. 1031.

Applying the aforesaid principles to the case at hand, we have reached the conclusion that the judgment and proceedings of the trial court were correct and in line of justice and right in the trial of cases of this character.

Wherefore, the judgment is affirmed.

Whole court sitting.