## Graefenhan v. Rakestraw et al.

June 16, 1939.

William H. Field, Judge.

Dodd & Dodd and W. S. Heidenberg for appellant.

S. J. Stallings and Woodward, Dawson & Hobson for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Mrs. Alice Graefenhan, is appealing from an adverse judgment in an action by her for personal injuries against the appellees, Falls City Sales Company, Inc., Elmo Hosley, and Ambulance Service Company, a partnership composed of William Rakestraw and his wife. Her petition alleged that while a passenger in the ambulance of the Ambulance Service Company she sustained personal injuries, resulting in the death of her unborn child, in a collision between the ambulance and a truck of the appellee Falls City Sales Company, operated by its employee, Elmo Hosley.

On the night of August 7, 1937, the appellant, who was in the seventh or eighth month of pregnancy, entered into labor, the beginning of which was marked by the breaking of her water, accompanied by hemorrhage. The extent of hemorrhage at this time is in conflict in the evidence, appellant testifying that it was slight, while evidence for the appellees indicated that it was rather severe.

About 10:30 P. M. the ambulance, which had been engaged by her physician, called at appellant's home near Shawnee Park in Louisville to convey her to St. Anthony's Hospital, and while going east on Broadway near Preston Street it collided with a pick-up truck of the appellee Falls City Sales Company, driven by Hosley, going west. The extent and severity of this collision is in much conflict in the evidence, appellant claiming that the jar therefrom threw her against something (although she was not thrown from the stretcher on which she was lying), causing her to hemorrhage severely, resulting later on in severe pain and soreness in her shoulders and body, though no bruises were ever discovered on her person. This lack of bruises was attributed by her to the fact that she was wrapped in a heavy blanket. Evidence for the appellees was to the effect that the collision was a minor one, being merely a sideswipe of the two vehicles resulting in minor damage, principally to the fenders of the ambulance. Both vehicles left the scene of collision under their own power after the rear fender of the ambulance was lifted from the tire against which it had been depressed. Appellant states that as a result of the jar received by her in the collision she was in a dazed or unconscious condition, while the driver of the ambulance and the attendant with him both state that they talked to her immediately after they got out of the ambulance at the point of collision and that she was perfectly conscious, in a cheerful frame of mind and stated that she had not been hurt at all. Testimony for appellant indicated that the ambulance remained at the point of collision for 20 minutes or more, while testimony for appellees was to the effect that they were there only about five minutes.

After the collision, the ambulance proceeded to St. Anthony's Hospital and appellant was entered as a patient. Dr. J. C. Ray, her physician, arrived some time later and examined her, finding that she was in a precarious condition, which he states that he diagnosed as

placenta praevia accompanied by shock due to hemorrhage. After consulting with other physicians it was determined that her condition was such that normal delivery was impossible or at least dangerous to wait on, and a Caesarian operation was performed. The appellant's child never breathed and she was in a rather precarious condition for several days following the operation. She remained in the hospital for a period of sixteen days and was able to resume light housework at the end of seven or eight weeks.

At the conclusion of the evidence for the plaintiff the trial court directed a verdict in behalf of the appellee Falls City Sales Company, on the ground that appellee Hosley was not its agent and servant at the time of the collision. The action then proceeded as to appellees Hosley and the Ambulance Service Company. At the conclusion of all the evidence, the appellant offered an instruction which was, in effect, a peremptory instruction to find for the plaintiff. This instruction was refused and the jury were instructed, in effect, that if they believed that the ambulance crossed the center line of the street (in other words, if it was on the wrong side of the street) and thereby caused the collision with the truck and that the appellant was thereby injured, the jury should find for appellant against the Ambulance Company. The same instruction was given with reference to appellee Hosley. The jury, under this instruction, found for both appellees.

It is insisted most earnestly for appellant that the peremptory instruction offered should have been given, her argument being that it was self-evident that either the driver of the truck or the driver of the ambulance, or both, were guilty of negligence. We think probably this contention of appellant might be sound if the evidence had conclusively established that the appellant was injured. The evidence does demonstrate conclusively that one or both drivers was negligent, so that if appellant was injured she was necessarily entitled to a verdict against one or both of the appellees. However, appellant in this argument loses sight of the fact that there was ample evidence for the jury to find that she was not injured by the collision and the fact that it is obvious that the verdict of the jury was based on their belief that she was not injured. Under the instructions given by the court and under the circumstances shown in evidence, the jury had no alternative except to find

for the plaintiff against one or both defendants if they believed she was injured. If appellant was not injured, it is self-evident that she had no cause of action against either appellee, no matter how negligent the drivers of both vehicles may have been. The wrong, if any, done to her was injuria sine damno.

The evidence justifying the jury in finding that the appellant was not injured was the evidence above referred to, that appellant stated immediately after the collision that she was not hurt, taken in connection with the evidence of Sister Salvatoris, night supervisor at the hospital, who testified that she talked with the appellant for 20 minutes after her entry into the hospital; that appellant was not hemorrhaging at that time and that her gown and the ambulance stretcher showed no evidence that there had been any severe hemorrhage after the collision; that appellant was in a good frame of mind, told her all about the collision, stated that she was not hurt and that she would not have known there was a collision except for hearing the men talking after the ambulance stopped. The testimony of appellant's own physician was also rather persuasive that the condition he found her in was not due to injury or trauma, but to the abnormal condition of her pregnancy.

It is also insisted for appellant that as it was alleged in the petition that the Ambulance Service Company was a common carrier, the instructions as given by the court should have embodied an instruction that it was the duty of the ambulance driver to exercise the highest degree of care for appellant's safety and that the court should further have instructed the jury as to the incompetence of Hosley as a driver for the reason that it was alleged and proven that he only had one eye and lacked sufficient vision to be a competent driver.

We are of the opinion, however, that there is no merit whatever in these contentions of appellant, for the reason that no instruction was offered in appellant's behalf with reference to these or any other duties incumbent on the respective drivers, the only instruction offered by her being the peremptory instruction above mentioned. As the court properly refused to give this peremptory instruction, it thereupon became the duty of appellant to ask for any instruction to which she deemed she was entitled, defining the duties of the respective drivers—having offered no such instructions, she is in

no position to complain of the failure of the trial court to instruct thereon. Many cases in this court have announced the rule that a party may not complain of the failure of the trial court to instruct on an issue where no instruction was offered by him on this issue, some of which are Louisville, H. & St. L. R. Company v. Roberts, 144 Ky. 820, 139 S. W. 1073; Hatfield v. Payne, Agent, 195 Ky. 310, 242 S. W. 32; Corlew's Adm'r v. Young, 216 Ky. 237, 287 S. W. 706.

It is insisted for appellant, however, that the court erred in refusing to permit certain physicians offered by her as witnesses to answer an hypothetical question propounded to them. This hypothetical question was quite lengthy and it would serve no useful purpose to set it out verbatim in this opinion. The trial court indicated that the objection to the question was sustained because it put upon the physicians the duty of making the decision which it was the province of the jury to make. It is argued most earnestly for appellant that the physicians were competent to express the conclusion called for in answer to the hypothetical question, but we do not find it necessary to pass on this question as, in our judgment, the question was incompetent for another and more definite and certain reason. This reason is that the question, assumed as one of the facts forming the premises upon which the answer was to be based, a fact not shown by the testimony to exist and omitted an important and relative fact shown by the appellant's own testimony to have existed.

In Kentucky Traction & Terminal Company v. Humphrey, 168 Ky. 611, 182 S. W. 854, 857, this court, after an able and exhaustive review of the authorities, pointed out the essentials and requisites of an hypothetical question in the following language:

"The hypothetical question grouping therein the facts forming the premises upon which the answer of the witnesses must be based must include no facts not shown by some of the testimony to have existed; nor must it omit any relative facts shown by some of the testimony to have existed."

This opinion has not been departed from or modified and we are in thorough accord with the principles therein enunciated.

The fact assumed by the hypothetical question to ex-

ist, and which the plaintiff's own testimony showed not to exist, was that the appellant was in a normal condition for a woman in the eighth month of pregnancy. The evidence of appellant's physician demonstrates beyond the shadow of a doubt that she was not in a normal condition of pregnancy. As pointed out above, this physician testified that he diagnosed her condition as that of placenta praevia, a dangerous condition which, taken with the amount of hemorrhage undergone by her, made necessary the Caesarian operation. He also stated that his diagnosis was that the hemorrhage and loss of blood were caused by the placenta praevia. He further testified, as did other physicians in the case, that an accident or trauma does not cause a condition of placenta praevia. It will therefore be seen that the hypothetical question was open to the vice that it assumed the existence of a fact, a normal condition of pregnancy, that the appellant's evidence demonstrated to be untrue. It was also objectionable in that there was a failure to incorporate therein the fact that appellant's condition was complicated by placenta praevia, thereby omitting a relative and highly important fact shown by her testimony to have existed.

Considering this hypothetical question in the light of all the testimony in the record, we are of the opinion that it would have been most unfair and prejudicial to the appellees to have permitted physicians to express the conclusion to the jury that appellant's condition was due to injury received in the collision, when this conclusion was to be based on a fact assumed by the question to exist but which did not exist and when there was a failure to incorporate in the question an important and material fact with reference to appellant's condition which might have completely altered or changed the opinion of these witnesses.

With these considerations in mind, it is immaterial that the trial court may have excluded this evidence for an erroneous reason, although it is by no means certain that such was the case. As the question was plainly improper, the trial court correctly ruled that the physicians could not answer it.

The conclusions we have reached make it unnecessary to consider the contention of appellant that the trial court erred in directing a verdict in behalf of the Falls City Sales Company. As the jury found for ap-

pellee Hosley, the driver of the truck, who was claimed by appellant to be the agent of the company, the verdict is conclusive as to non-liability on the part of the company in the circumstances here presented. Blue Valley Creamery Company v. Cronimus, 270 Ky. 496, 110 S. W. (2d) 286.

The judgment is affirmed.