## Dillion et al. v. Harkleroad.

Oct. 1, 1943.

Wm. Lewis & Son and S. V. Little for appellants.

C. R. Luker, G. S. Crawford and G. H. Eversole for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On Saturday, May 15, 1941, between 8 and 9 o'clock in the morning the appellee, and plaintiff below, Jack Walton Harkleroad, an infant between 9 and 10 years of age, was injured by a truck colliding with him on a parking area at the junction of Hill & 7 Streets in the city of London, Kentucky. The parking space was between Hill Street and a skating rink building located between 21 and 25 feet east from Hill Street, thus making it of that width. The colliding truck was owned and operated at the time by Clarence Dunnaway who was backing it at a speed of two or three miles per hour onto the parking place. Plaintiff was playing with a dog and was not seen by Dunnaway at the time of the accident. The collision produced some bruises and scratches over the body of plaintiff and injured his pelvic bone resulting in his confinement in a hospital for some time, and the incurring of physician and medical bills.

Plaintiff filed this action in the Laurel Circuit Court by his next friend against the partnership of Dillion & Middleton, the members of which plaintiff alleged were James H. Dillion, T. R. Middleton and Mrs. Harry B. Dillion, and also against Clarence Dunnaway, seeking to recover damages sustained by him, which he claimed in his petition amounted to $5,080 upon the ground that Dunnaway was negligent in the operation of his truck at the time and place of the accident, and that he was the servant of the members of the sued partnership. Later the action was dismissed as to Mrs. Harry B. Dillion because she was shown to have no connection with the partnership. The remaining defendants denied the material averments of the petition—which charged that Dunnaway was the servant of the partnership—and averred contributory negligence. It was likewise pleaded in the answers that Dunnaway was an independent contractor. Such affirmative allegations of the answer were denied by reply and upon trial, after defendants' motion for a peremptory instruction in their favor was overruled, the jury returned this verdict: "We, the jury, agree and find for the plaintiff, Jack Walton Harkleroad, and against Dillion & Company in the sum of $500.00 five hundred dollars." The motion for a new trial filed by

the members of the partnership was overruled followed by this appeal.

A number of errors are set out in the motion for a new trial but we find it unnecessary to discuss or determine any of them except (1) that the alleged servant, Dunnaway, was not at the time of the accident serving the partnership, his alleged master, and, since the action is bottomed exclusively under the doctrine of respondeat superior the master would not be liable if at the time of the injury the servant was engaged exclusively in prosecuting a purpose of his own, wholly independent of serving his master; and (2) that in such cases the master is relieved of liability although the servant was serving his master, if the fact be and so found by the jury that the servant was not negligent. Those two grounds will be disposed of in the order named.

1. There is contrariety of testimony as to whether or not Dunnaway was the servant of the partnership, or whether he was an independent contractor, but for the purposes of this case we have concluded that it is not necessary to determine that question. At the time and for some period prior thereto Dunnaway was engaged in hauling with his own truck timbers to be used in coal mining operations, in the furnishing of which the partnership was engaged. The necessary timbers were gotten out, apparently from the record, in localities in Laurel County and delivered to coal mining operators located in other counties. Dunnaway it appears, was paid in accordance with the amount of hauling he did for the partnership, he furnishing his own equipment for the purpose. It appears that he never did any hauling on Saturdays and did not intend to do so on the day that plaintiff received his injuries. However, he went in his truck from his home in London to the office of the partnership, located nearby the parking place supra, for the purpose of collecting his compensation for the past week's service which was an engagement for his benefit only. In such circumstances the law, without exception, is that the master is not liable for any negligence of which the servant may be guilty while so engaged, and which is carried even to the extent of relieving the master of liability for any negligent acts of his servant while departing from the service of his master in which he was then engaged, for a purpose wholly disconnected with the master's business which the servant voluntarily under-

took. Many domestic cases could be cited in support of that proposition but we will content ourselves with listing only the cases of Model Laundry v. Collins, 241 Ky. 191, 43 S. W. (2d) 693, and Wells v. Combs, 251 Ky. 479, 65 S. W. (2d) 468. Others are cited in those opinions. Since, therefore, the servant was not engaged in serving his master at the time the injuries herein complained of were inflicted the latter may not be held liable therefor, although the servant may have been guilty of negligence in producing such injuries to plaintiff.

2. In the cases of Illinois Cen. R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S. W. (2d) 153; Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S. W. (2d) 286; Sherwood v. Huber & Huber Motor Express Co., 286 Ky. 775, 151 S. W. (2d) 1007, 135 A. L. R. 263; Graefenham v. Rakestraw, 279 Ky. 228, 130 S. W. (2d) 66 and Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S. W. (2d) 656, we overruled the theretofore holdings of this court, that the master was liable for the negligence of his servant while engaged in the prosecution of the former's business, notwithstanding it might be found by the jury that the servant was not negligent, even in cases where the liability of the master was based exclusively upon the negligence of the servant and liability was sought to be fastened on the master only under the doctrine of respondeat superior.

The altered rule as contained in the cited domestic cases was in conformity with the great weight of authority as approved by other jurisdictions and which is the only one that may be supported by logic, reason, justice and common sense, since if the servant was not negligent—or found not to be so by the jury—then all of the reason for holding the master liable falls to the ground for want of any support whatever. It is true that in the instant case the jury did not expressly say in its verdict, "We, the jury, find for the defendant, Clarence Dunnaway," but it clearly declined to find against him, which is undoubtedly and undeniably a finding for him, and which was followed by the court dismissing the petition as against him, of which order, plaintiff made no complaint by a motion for a new trial as against the servant or otherwise. That judgment was and is, therefore, a conclusive finding that the alleged servant, Dunnaway, was guilty of no negligence in bringing about the injuries of which plaintiff complains. Therefore, under our re-

cent cases supra, it was the duty of the court to also dismiss the petition as against the appellants who are members of the partnership. The construction above outlined of the jury's finding in this case will be found approved in some of the cited cases supra, and in the Sherwood case [286 Ky. 775, 151 S. W. (2d) 1012] it was expressly stated that "It is clear that they [the master], in the circumstances of this case [identical with this one], would be relieved from liability under that doctrine [approved in the cited domestic cases] if there had been a verdict in favor of their servant in the action against him, and which we so held in the Applegate and Cronimus cases supra." It should be remembered, however, that the doctrine of our overruling cases supra does not apply where independent negligence of the master is relied on as well as that of his servant, and which independent negligence has support in the testimony.

Wherefore, for the reasons stated, the judgment is reversed with directions to set it aside and to enter one in conformity with this opinion.