## Newton Mfg. Co. v. Hitt.

February 7, 1950.

Donald L. Wood, Judge.

Houston L. Wood for appellant.

Silas Jacobs for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant and George Young filed a joint petition seeking to recover of appellee damages on account of a collision between a car owned by appellant, while being driven by Young, and a truck owned and then being driven by appellee. The charge was that while appellant's car was being operated in a careful manner Hitt was negligent in the operation of his truck. The petition is in two grammatical paragraphs; in one the company sought recovery for the damage to its truck, in the other the driver sought recovery for personal injuries.

Appellee filed special demurrer on the ground that there was a misjoinder of causes and moved for an election. The demurrer and motion were not passed on by the court, perhaps because it is elsewhere shown that the parties had agreed that the claim of Young should be tried separately on the petition as filed and the defensive pleading defendant should file. Hitt demurred, and without waiving filed answer and counterclaim, first denying the allegations of the petition, except that at the time of the collision each was the operator of the respective vehicles. He then pleads that the collision was due solely to the negligence of Young, then operating the company's car; he asked damages for injury to his truck and the loss of its use for a short period.

The portion of the joint action was tried out, and a judgment entered in favor of Young against Hitt for $100, and the "cause is filed away as regards the claim of Young and retained on the docket as regards the action of the plaintiff, Newton Manufacturing Co." This judgment was satisfied by payment in full.

Following the trial and resulting judgment the Company filed an amended petition, in which it reiterated the allegations of the original petition, and plead that since it had been filed there had been a trial of the Young-Hitt issue and the jury had returned a verdict in favor of Young, and the court had in that judgment dismissed Hitt's counterclaim, or adjudging that he recover nothing thereon. It was then plead that the damage to its vehicle, as originally alleged, resulted from the same collision of the two vehicles, and under the same facts as were presented and heard on the Young-Hitt trial on the charge and counter-charge of negligence on the part of Hitt and Young, the latter at the time being its agent, servant and employee, driving the Com-

pany's car. It is alleged that the issues were identical, proof the same and such instructions given by the court as to require a finding of the negligence and liability, if any, of the respective parties. It pleads that the judgment had neither been vacated nor modified, and was a final decision and adjudication on the issues raised by the respective pleadings of this plaintiff and defendant; a finding of absence of negligence on the part of Young. It pleads the judgment as res adjudicata in respect of its negligence or liability, and as an estoppel against defendant to plead such negligence. The company prayed that on trial the court instruct the jury to find for it on its original petition.

Hitt objected to the filing of this amended pleading, moved to strike it from the record and without waiving filed a general demurrer. The court permitted the filing, overruled the motion to strike, but sustained the demurrer. Hitt then filed answer and counterclaim to plaintiff's original petition, first denying then charging that plaintiff's injuries were caused solely by its negligence. The counter-pleading is substantially the same in words as were used in pleading to Young's petition. There was objection to this filing and motion to strike it from the record; motion was overruled.

The record does not contain the evidence, instructions or all of the proceedings had in either trial. The trial order merely shows that the cause was submitted to the jury, which found "both the plaintiff and defendant guilty of negligence and will not award damages to either." On the verdict it was adjudged that "plaintiff take nothing by his petition and defendant take nothing by his counterclaim."

The overruled motion for a new trial set up the following grounds in support; (1) The court erred in sustaining defendant's demurrer to plaintiff's amended petition, and (2) in overruling plaintiff's motion to strike defendant's counterclaim and in overruling its motion for a directed verdict. The last ground may not be considered since neither the evidence, proceedings or instructions appear in this record.

Counsel for appellee takes the position that because the original petition of this Company did not allege the relationship of employer and employee, there was no

privity or community of interest between the Company and Young. Assuming that there was no privity, counsel relies mainly upon Montgomery v. Taylor-Green Co., 306 Ky. 256, 206 S. W. 2d 919, and cases in which we have laid down the rule in applying the doctrines of res adjudicata and estoppel, and in others where we have found from the facts that there was a lack of identity of persons, or causes of action.

Appellant for reversal relies on Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S. W. 2d 286, and prior and later cases where the facts justifying the doctrines have been consistently applied. Vaughn's Adm'r v. Louisville & N. R. R. Co., 297 Ky. 309, 170 S. W. 2d 441, 152 A. L. R. 1060; Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S. W. 2d 7.

Appellee seems to agree that if there existed the necessary privities in the instant case, the Cronimus case controls, but if the relationship did not exist then the Montgomery v. Taylor-Green case is controlling. We note that the court in his opinion refers to the Cronimus and Travelers Indemnity Company cases and says if the court is to follow these cases plaintiff's "demurrer should have been sustained and the judgment reversed," but otherwise if the Montgomery case is applicable, and the court very aptly points out, as does appellant in brief, that this court in the Montgomery case rejected the plea of res adjudicata "upon the theory that there was no privity between the two injured parties."

The whole argument here, however, is that if there was or existed the required privity to form a basis for the res adjudicata rule, it was not made manifest until after the judgment in the Young-Hitt trial. This is true, but by the amendment such elements were shown to have existed at the time of the collision, and this it seems to us is the controlling factor, and we are not referred to any court ruling or Code provision which would tend to preclude appellant from amending its petition at the time and in the manner adopted. It is suggested that if Young was using the Company's car, not in pursuit of its business, or was working on commission, or was using the car without the consent of the owner, then there would be a lack of the elements which go to constitute privity. If an issue on this point

is not properly raised by the first paragraph of defendant's answer, what we may say now should not preclude defendant from affirmatively presenting the issue.

The appeal here is prosecuted from the judgment following the jury's verdict in the instant case, and we are asked to reverse and remand for a new trial. Reversal is sought, as stated, on the grounds stated above, and we are of the opinion the court was in error in both instances (grounds 1 and 2), hence the judgment is reversed with directions to grant appellant a new trial and for proceedings consistent herewith.