## OVERSTREET v. THOMAS et al.

Court of Appeals of Kentucky.

May 15, 1951.

Montgomery & Montgomery, Liberty, for appellant.

E. C. Moore, Liberty, Terill A. Wilson, Jamestown, for appellee.

COMBS, Justice.

Appellant filed this action for damages against appellees, French Toms, sheriff, and Ray Thomas, deputy sheriff of Casey County. He alleged that on November 5, 1946, appellee Ray Thomas, while acting in his official capacity as deputy sheriff, and after placing appellant under arrest, discharged a tear gas gun into appellant's face, thereby seriously injuring his face and eyes.

The lower court directed a verdict for appellee Toms at the conclusion of the evidence for appellant, and a jury returned a verdict for appellee Thomas. Appellant contends the judgment should be reversed because: (1) A sheriff is liable for injuries to a person under arrest, when those in-juries are caused by the negligence of his deputy; (2) a deputy sheriff is liable for an excessive use of force in making an arrest; (3) admission of incompetent testimony; (4) error by the trial court in directing a verdict for appellee, Toms, and (5) error by the trial court in permitting appellees' counsel to ask leading questions over appellant's objection.

Appellant testified he and his four sons were at the school house, which was the polling place in Dunville precinct, at the November 1946 election. He had been drinking some but was not drunk. About 3:30 p. m. appellee Thomas came to the voting place and said, "Perry, ain't you drinking awful heavy?" Appellant replied, "Ray, I am drinking some but don't you think we have elected Cooper here in this precinct?" Thomas said, "You are under arrest" and then discharged the tear gas gun into his face. According to appellant he did nothing whatever to provoke the assault by the deputy. He had a sample ballot in his hands at the time, and his hands were in front of him. After his injury by the tear gas, he was removed to his home by two of his sons. Appellant's version of the affair is substantiated by his four sons, a daughter-in-law, and one other witness. It is established by the testimony of an eye specialist that he has permanent injury to his eyes from the effect of the tear gas.

Appellee Thomas testified he went to the Dunville precinct about 3:30 p. m. Appellant was there and was drunk. He walked to within six or seven feet of appellant and said, "I am placing you under arrest." Appellant said, "By God, we are running things here," and ran his left hand in his left front pocket and "then I gassed him." At the time he discharged the tear gas gun, Clellie, one of appellant's sons, seized the officer's left arm and either Clellie or another of the sons struck him and took his pistol. The officer then took refuge in the school house and barricaded the door. The arrest of appellant was not accomplished. Thomas' version of the occurrence is supported by the testimony of two witnesses, one of whom was an officer of the election.

It may be conceded that under certain circumstances a sheriff is liable for the acts of his deputy. KRS 70.040; Jones v. Van Bever, 164 Ky. 80, 174 S.W. 795 L.R.A.1915E, 172; Commonwealth, for Use and Benefit of Coombs v. Vincent, 282 Ky. 95, 137 S.W.2d 1091. In this case, however, the evidence in regard to the deputy's conduct was conflicting. Whether he was guilty of any wrongful or negligent acts was a question for a jury to decide. The jury returned a verdict for the deputy.

We have read the testimony carefully and fail to find any incompetent evidence which could have been prejudicial to appellant. The testimony of the witnesses as to the activities of appellant and his sons immediately prior to the attempted arrest was competent on the question of whether appellant committed an offense in the officer's presence. The leading questions complained of by appellant are somewhat suggestive of the desired answers, but we think they were not improper under the circumstances. Certainly they were not prejudicial to appellant's substantial rights.

The only remaining question in the case is the propriety of the trial court's action in directing a verdict in favor of appellee Toms. It is unnecessary to decide this, however, in view of the fact the jury returned a verdict in favor of appellee Thomas. It is the general rule that a judgment on the merits in favor of an agent or servant is res judicata in favor of the principal or master. As was said by this court in the case of Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S.W.2d 286, 290, " * * * the rule is general and well settled that where the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant, or even a judgment against him, insofar as it fixes the maximum limit of liability, is res judicata in favor of the principal or master though he was not a party to the action." Also see Dillion v. Harkleroad,

295 Ky. 308, 174 S.W.2d 419, and Newton Mfg. Co. v. Hitt, 312 Ky. 187, 226 S.W. 2d 945.

In the case of Graefenhan v. Rakestraw, 279 Ky. 228, 130 S.W.2d 66, 69, the trial court directed a verdict for the alleged principal, and the jury, under proper instructions, returned a verdict for the agent. On appeal to this court the judgment was affirmed, the court saying: "The conclusions we have reached made it unnecessary to consider the contention of appellant that the trial court erred in directing a verdict in behalf of the Falls City Sales Company. As the jury found for appellee Hosley, the driver of the truck, who was claimed by appellant to be the agent of the company, the verdict is conclusive as to non-liability on the part of the company in the circumstances here presented. * * *" This rule is applicable here.

The judgment is affirmed.