ELMORE, ADMR. *v.* DILLARD.

5-1135                                          298 S. W. 2d 338

Opinion delivered January 28, 1957.

[Rehearing denied March 4, 1957]

*Collins, Edwards, Core & Collins,* for appellant.

*George E. Steel* and *Gordon B. Carlton,* for appellee.

PAUL WARD, Associate Justice. Harold Elmore died as the result of injuries which he received on November 16, 1954 while riding in an automobile being driven by O. J. Zacharias. The administrator of the estate of Harold Elmore filed suit against Zacharias, Louis Little, and two Buick agencies. One of these agencies,

known as the Dillard Buick Agency, was located at Nashville, Arkansas and was owned by E. C. Dillard and B. G. Dillard. The other agency, known as the Stuart Buick Company, was located at DeQueen, Arkansas and was owned by Joe P. Stuart.

Appellant's cause of action was predicated on the following: Zacharias, with the deceased and one Van Miller (all in the front seat), started to drive from DeQueen to Oklahoma City. They were to get two new Buick automobiles and drive them back — one for each agency. When they were 2 or 3 miles out of DeQueen on Highway 71, and immediately after going over a rise in the highway, the automobile struck 5 or 6 horses which resulted in the fatal injuries to the deceased. The cause of action against Zacharias was based upon his negligence in driving at a fast, dangerous, reckless and unlawful rate of speed; in failing to keep a proper look-out for such animals; in failing to check the speed of his automobile when encountering the lights of an approaching automobile, and; in failing to avoid colliding with the said horses. Appellant sought damages against the two Buick agencies on the ground that Zacharias was their agent, and Little was charged with negligence in allowing the said horses to run at large.

Appellees answered: Zacharias denied that he was guilty of negligence and alleged that the deceased was guilty of contributory negligence; The two Buick agencies stated that Zacharias and the deceased were their employees, that they were fellow servants, and that therefore they (the Buick agencies) would not be liable for any injury to the deceased caused by the negligence (if any) of Zacharias. They both pleaded contributory negligence on the part of the deceased.

At the conclusion of all of the testimony the trial court directed a verdict in favor of the two Buick agencies on the ground that Zacharias and deceased were fellow servants. Thereafter the jury brought in a verdict in favor of Zacharias and Little. No appeal is taken from the verdict in favor of Little.

Appellant, on appeal, seeks a reversal on the following grounds: 1. It was error for the trial court to direct a verdict in favor of the two Buick agencies, and; 2. The verdict in favor of Zacharias is based on four separate erroneous rulings by the trial Judge.

We will examine these grounds in the order mentioned.

1. Although both sides devote a large portion of their briefs to the directed verdict, yet under the view we take, that question is immaterial and a determination thereof is unnecessary. Unless we find error in connection with the jury verdict in favor of Zacharias, this cause will not be reversed. Under the pleadings in this case, the jury would have to find Zacharias guilty of negligence before appellant could recover against Zacharias' employer — in this case the Buick agencies or one of them. Conversely, if Zacharias was not negligent, as the jury has found, then his employer could not be held liable in any event.

This view, we think, is supported by decisions in this and other states. In *Davis, Administratrix* v. *Perryman*, 225 Ark. 963, 286 S. W. 2d 844, the suit filed by the administratrix was based on Perryman's negligence in operating a truck for the East Texas Motor Freight Lines. During the trial it developed that the administratrix had unsuccessfully sued said E. T. M. F. Lines for the same accident based on the negligence of its driver, Perryman. The trial court sustained Perryman's motion to dismiss for the reasons above mentioned and we sustained the action of the trial court, stating, among other things, that ". . . other jurisdictions are overwhelming in holding that an action like the present one cannot be maintained when a previous action by the same plaintiff against *either the master or the servant* for the same alleged act of negligence has been finally decided against the plaintiff in the Courts . . ." (emphasis supplied). We also held in the case of *Porter-DeWitt Construction Company, Inc.* v. *Danley*, 221 Ark. 813, 256 S. W. 2d 540, that a jury's verdict could not stand because of inconsistency where it found that a

truck driver was not negligent and at the same time returned a verdict against the driver's employer or principal where, as here, no independent acts of negligence have been established. A case more nearly in point with the one under consideration is *Overstreet* v. *Thomas, et al.,* (Ky.), 239 S. W. 2d 939, where the court referred to and quoted with approval from the case of *Graefenhan* v. *Rakestraw,* 279 Ky. 228, 130 S. W. 2d 66, 69, stating: ". . . the trial court directed a verdict for the alleged principal, and the jury, under proper instructions, returned a verdict for the agent. On appeal to this court the judgment was affirmed, the court saying: 'The conclusions we have reached made it unnecessary to consider the contention of appellant that the trial court erred in directing a verdict in behalf of the Falls City Sales Company. As the jury found for appellee Hosley, the driver of the truck, who was claimed by appellant to be the agent of the company, the verdict is conclusive as to non-liability on the part of the company in the circumstances here presented.' " It is our conclusion therefore that the jury verdict in favor of Zacharias in this case, if allowed to stand, precludes appellant from recovering against the Buick agencies.

2. We now examine appellant's allegations of error attending the Zacharias verdict.

(a) Several weeks before the trial Zacharias gave a written statement to appellant's attorney, which, according to appellant, in some measure contradicted portions of his oral testimony at the trial. It is appellant's contention that the court erroneously refused to allow the statement to be introduced in evidence. The record fails to support appellant in this contention.

Appellant says the question "is whether or not the statement was admissible as against Zacharias as an admission and declaration against interest by party defendant." Appellant did not ask to have the introduction limited to Zacharias only, and it was not admissible, as an admission, against his employer. See *Casteel* v. *Yantis-Harper Tire Company,* 183 Ark. 912, 39 S. W. 2d 306.

The court allowed appellant to read to the jury portions of the statement which appeared to contradict his oral testimony, and offered to allow other portions read. Appellant neglected or refused to accept this offer at the time. After all the testimony on both sides had been introduced, appellant asked to read the entire statement into the record, without asking to recall the witness. The court refused this request, and correctly so. One sufficient reason for the court's ruling has already been given.

(b) By Instruction No. 16 the court told the jury that the permissible speed on the highways, outside of cities and in the absence of a special hazard, was 60 miles per hour. This instruction appears to be in accord with Ark. Stats. § 75-601.

Appellant raises no objection to the instruction except the one based on the testimony of Carlisle Crews. Crews, a maintenance man on the highway where the accident occurred, testified as follows:

Q. "What is the speed limit there?"

A. "At night it's *50;* in days, *60.*"

Q. "*Fifty-five* miles per hour, and *60* miles per hour?"

A. "Yes."

In the absence of a showing that a special hazard existed on the highway, or that there were signs specifying a particular speed, the statutory speed mentioned in the above section would control. Moreover there is no testimony that Zacharias was driving at any definite speed when the collision occurred. Whether or not Zacharias was driving at a reckless or careless speed was a question for the jury under proper instructions.

(c) The court gave an instruction on the contributory negligence of the deceased. Appellant does not object to the form, but contends there is no evidence to support it. In our opinion this contention is without merit. This question is most often presented to us when the trial court refuses to give such an instruction. We

think the accepted and safest rule is to leave the question of contributory negligence to the jury where there is substantial evidence of such and we think there is in this case. Appellant stoutly maintains of course that Zacharias was guilty of negligence, yet the same acts of negligence attributable to Zacharias apply to a large degree to the deceased, who had the same opportunities to judge the speed of the car and the condition of the road ahead, and there is no evidence that the deceased made any complaint to Zacharias. If the jury had thought Zacharias was driving too fast or recklessly, it might have also concluded that the deceased should have objected. The general rule is that the occupant of a car has the duty of exercising ordinary care for his own safety. This rule is well stated in 65 C. J. S. Sec. 152, page 795, in this way:

"While an occupant of a vehicle is not required to exercise the same watchfulness as the driver, it is his duty to exercise ordinary care, including a reasonable use of his faculties of sight, hearing, and intelligence, to observe and appreciate danger or threatened danger of injury, and, if he fails to do so, and such failure contributes to the injury complained of as a proximate cause, he is guilty of contributory negligence."

(d) The court gave the following instructions on unavoidable accident.

"7. The burden rests upon the one who seeks to recover to establish by a preponderance of the evidence that the accident complained of by him was not the result of an unavoidable accident."

"8. An unavoidable accident is one not avoidable by precaution which reasonable men would be expected to take. Such an accident furnishes no basis for recovery."

Appellant predicates error on the grounds that unavoidable accident was not pleaded, and because the instructions do not correctly declare the law.

It is not necessary that unavoidable accident be specifically pleaded if the question is raised by the evi-

dence. In 65 C. J. S., Sec. 264e, page 1192, we find this: "Ordinarily the issue of inevitable or unavoidable accident should be submitted to the jury where it is raised by the evidence; and such issue is raised when, and only when, there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties." We think that is the situation here. That there was a collision and an injury is conceded, but the only parties accused of negligence have been exonerated. In the last paragraph of the above citation we find this language: ". . . if the evidence is conflicting or different inferences can reasonably be drawn from the facts as to whether the injury was the result of negligence or inevitable accident, the question of defendant's liability is properly left to the jury."

Appellant thinks some language should have been added to the first sentence in Instruction No. 8 to the effect the precaution required was that of a reasonable man under the same or similar circumstances as those obtaining in the particular case. We think such language would have been proper, as was indicated in *Newark Gravel Co.* v. *Barber,* 179 Ark. 799, 18 S. W. 2d 331, but we do not think its absence from Instruction No. 8 is so prejudicial as to call for a reversal. Undoubtedly the jury knew the court's instruction related to the occasion of the accident in question. In the *Barber* case no instruction was set out or approved, the court merely making a general remark concerning an inevitable accident.

Finding no error calling for a reversal of the verdict and judgment in favor of Zacharias, the entire judgment of the trial court must be upheld.

Affirmed.

Justices McFADDIN and MILLWEE dissent.

ED. F. McFADDIN, Associate Justice (dissenting).

I would reverse the judgment and remand the case for a new trial as to all the parties. My study of the case convinces me of three matters:

(1) The Trial Court committed error in directing a verdict in favor of the two Buick agencies. A question of fact was made for the jury as to whether Zacharias and Howard Elmore were fellow servants. The majority does not decide this point; but I think it is fundamental.

(2) The Trial Court committed error in giving the instruction on contributory negligence. There was no evidence whatsoever on contributory negligence and the majority fails to point out any such evidence.

(3) The Trial Court committed error in its instruction as to speed. While § 75-601 Ark. Stats. says that under some circumstances the speed is 60 miles an hour, yet the same statute also recognizes that the speed may be regulated by appropriate signs along the highway. Here is a portion of the Statute as to such speed:

".... Outside municipalities the stated speed as determined by the State Highway Commission (Commissioner of Revenue) upon the basis of an engineering and traffic investigation, which shall be effective when appropriate signs giving notice thereof are erected along the highway . . ."

The witness Cruse was a maintenance man of the Highway Department, and he said that the speed was 55 miles per hour at night at the place where this mishap occurred. In view of the fact that the speed may be regulated by posted signs and that Cruse was a maintenance man and was testifying as to the speed, I think it clear that the evidence showed that the speed at the place of this mishap was 55 miles an hour at night. Therefore, the Court committed reversible error in instructing the jury that the speed was 60 miles an hour.

In view of the foregoing, I respectfully dissent from the affirmance.