## HADDEN et al. v. WILLIAM et al.

Court of Appeals of Kentucky.
March 28, 1952.

Weldon Shouse, Eldon S. Dummit, Lexington, for appellants.

Taylor N. House, Anthony W. Thomson, Lexington, for appellees.

COMBS, Justice.

The judgment directs rescission of an exchange of properties between appellees and appellants, and awards appellees damages in the amount of $500.

Appellants owned an apartment house at 544 Pemberton Avenue in Lexington. Appellees owned a house and lot at 109 Chelan Avenue. On July 22, 1949, the parties signed a contract agreeing to an exchange of the properties and assumption of the existing indebtedness against the respective properties. M. W. Johnson, a real estate agent, represented all the parties. The rental ceiling on appellants' building, which contained three apartments, had been fixed by the Office of Price Administrator at $35 per month. Appellants actually were collecting $35 for each apartment, in violation of the OPA regulations, and had been doing so since they acquired the property at an auction sale in 1944.

Appellees contend that Johnson, as appellants' agent, represented to them that the apartment house had been "decon-

trolled," and that each of the apartments legally could be rented for $35 per month. Appellants contend they made no such representation, and that the evidence fails to establish Johnson acted as their agent. The issues were tried by a jury which found for appellees.

We think the evidence was sufficient to establish that Johnson acted as appellants' agent. Thomas E. Hadden testified he paid a commission to Johnson, and, in answer to a specific question whether Johnson was his agent, stated: "I suppose he was when I made the contract * * *." Johnson testified, in substance, that he acted as agent for all the parties. He also testified he told Mr. and Mrs. William the apartment house was being rented for $105 per month. He denied he told appellees the property had been decontrolled, and said there was no reference made to OPA regulations either by him or appellees.

It is shown that Johnson came with the Haddens to inspect the William property. Mr. William testified that Johnson said in the presence of the Haddens that he was acting as their agent and it is clear that he actually acted as agent for all the parties. In view of the testimony of the parties, and the facts and circumstances, the court did not err in permitting Mr. and Mrs. William to testify as to the representations made to them by Johnson.

Appellants also contend that even though misrepresentations were made to appellees concerning the rental ceiling on the apartment house, they were not damaged by reason of the misrepresentations. It is common knowledge that the market value of rental property is based to a large extent upon what it can be rented for. Certainly, appellees suffered material damage if they relied on Johnson's statements the property legally could be rented for $105 a month, when in fact the ceiling price was only $35 a month.

Appellants also question the instructions. The court instructed the jury, in substance, that if defendants represented to plaintiffs that each of the three apartments could be rented for $35 per

month, and if plaintiffs relied upon the truth of said representations, they should find for plaintiffs. The principal objection is that the instructions permitted a verdict for plaintiffs even though the jury might believe the Haddens had no knowledge of the falsity of the representations. As stated above, the Haddens had collected rent on the building in the amount of $105 per month since 1944. Mr. Hadden testified it was announced at the auction sale when he purchased the property that it was being rented for this amount and he had no knowledge this was in excess of the OPA ceiling. It is noted, however, as shown by the affidavits of two of his tenants, filed in support of motion for continuance, and read to the jury by agreement, that he insisted on payment of rent in cash instead of by check, and directed them to furnish no information to anyone about the amount of their rent; also that he said he would burn the building before he would accept the OPA ceiling price. It is also shown that Mr. Hadden had knowledge of application forms which had been filed with the local OPA office in an effort to obtain a higher rental ceiling on the building. There is sufficient evidence to establish that Mr. Hadden either knew, or by the exercise of ordinary diligence should have known, that the rental ceiling on the building was less than $105 per month. It, therefore, was not necessary for the court to instruct on the matter of knowledge.

Appellants also contend the judgment should be reversed because there has been no offer of restitution by appellees. Mr. William testified he talked to Mr. Hadden about rescinding the trade and Hadden refused. He also talked to Johnson and was told that Hadden would not agree to a rescission. After Hadden refused to rescind the trade it was not incumbent upon William to make a useless gesture of tendering him his deed.

The damages awarded to appellees are based mainly on expenses incurred by them in this litigation, including attorneys' fees, and there is no serious contention the damages are excessive. Appellants argue that if appellees have a cause of action it is against Johnson and not

against them. According to our view, Johnson would have been a proper party defendant in this case but was not a necessary party. If appellants were overreached by Johnson it is possible they have a cause of action against him. That is not an issue in this case, however, and we express no opinion on the question.

The judgment is affirmed.