## LEWIS et al. v. DEVASHER.

Court of Appeals of Kentucky.

May 7, 1954.

———◆———

Terry L. Hatchett, Glasgow, for appellants.

Carroll M. Redford, Brents Dickinson, Glasgow, for appellee.

CAMMACK, Judge.

This is an appeal from a judgment for $250 against Bessie Lewis as agent for the Barren County Board of Education for the killing of one milk cow and injuring two others belonging to the appellee, plaintiff below.

The Barren County Board of Education authorized Superintendent Mitchell Davis to employ Bessie Lewis for $80 per month to transport school children. The contract under which Mrs. Lewis operated was an oral one. Under this contract Mrs. Lewis was required to transport the children every day and, if she could not make a trip, she was required to get a substitute driver approved by the county superintendent.

On the day of the accident Mrs. Lewis was sick and unable to make the trip. She sent Mitchell Lewis, her 16 year old son, who did not have a driver's license and was not approved by the Superintendent, to drive the children home in a 1936 Ford, which she had borrowed from another son, Roger Lewis.

One of the routes on which Mitchell Lewis was required to carry school children was a gravel state highway passing through Dan Devasher's farm. On the day in question Mitchell was driving along this highway at about 35 miles an hour when he ran into the cows. Ten cows were being driven

from one field to another field across the road by Dan Devasher's 15 year old son. In order for the cows to get from one field into the other they had to be driven through a gate and into an old road which ran adjacent to the highway for approximately 60 feet, then up a bank and across the highway, and then through a gate leading into the other field. Mitchell said he first saw the cows when they ran across the highway approximately 20 feet in front of him. He immediately tried to stop and, in addition, swerved to the left-hand side of the highway to avoid hitting the cows but he was unable to do so.

The appellee instituted this action against Roger Lewis, Bessie Lewis, Mitchell Lewis and the Barren County Board of Education. The court instructed the jury to find for the defendant, Roger Lewis. The case was then submitted to the jury. The jury in effect found for the defendant, Mitchell Lewis, and against Bessie Lewis as agent of the Barren County Board of Education. Bessie Lewis and the Barren County Board of Education have appealed on the grounds that there was no evidence showing Mitchell Lewis to have been negligent in operating the automobile; that the court should have directed a verdict for all the defendants; and also that they could not be held liable unless Mitchell Lewis was found guilty of negligence in driving the automobile.

KRS 186.640 provides that anyone who is ineligible to procure an operator's license shall be deemed to be prima facie negligent in causing or contributing to cause the accident in which he is involved. KRS 186.-590 makes every motor vehicle owner who knowingly permits a minor under the age of eighteen to drive a vehicle upon a highway jointly and severally liable with the minor for any damage caused by the negligence of the minor.

Mitchell Lewis was the agent of Bessie Lewis. The jury returned a verdict finding Mitchell not guilty of negligence in operating the automobile, but Mrs. Lewis guilty of negligence in allowing Mitchell to drive. The verdict can not stand, because Mrs.

Lewis' liability is based upon the negligent driving of Mitchell and not her negligence in allowing him to drive. Even if the jury had found that Mitchell was negligent in driving the automobile, there was sufficient showing of contributory negligence on the part of the appellee in allowing his 15 year old son to drive 10 cows across the road, without some warning to motorists, to bar him from recovering.

The motion for an appeal is granted, and the judgment is reversed, with directions for proceedings consistent with this opinion.