The GREYHOUND CORPORATION, Appellant,

v.

Evelyn LEADMAN, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1955.

As Modified on Denial of Rehearing March 25, 1955.

Stoll, Keenon & Park, John L. Davis, Lexington, for appellant.

Napier & Napier, Hazard, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment for $15,000 against the Greyhound Corporation for the negligence of its driver, Marion Clay Hamm, in operating one of its busses in such a careless and negligent manner as to cause it to collide with a steel bridge and injure Evelyn Leadman. The corpora-

tion's ground for reversal is that it can not be held liable because there was no judgment against its driver.

Mrs. Leadman brought suit against the corporation and its driver in 1952, alleging that she was injured as the result of the driver's negligence. The case proceeded to trial and the jury returned a verdict against the appellant at the August term, 1952. This appeal followed.

■ The only question before us is— Where there was no motion for a new trial, and a bill of exceptions was not filed, will the pleadings support the judgment? Civil Code of Practice, section 340.

■ Mrs. Leadman based her recovery upon the negligence of the driver in operating the bus. The jury returned a verdict in her favor and against the corporation only, thereby finding the driver not guilty of any negligence. This verdict can not stand because the corporation's liability is based upon the negligence of its driver. Illinois Central R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S.W.2d 153; Lewis v. Devasher, Ky., 267 S.W.2d 938.

■ The appellee has asserted that a reversal of this judgment, upon what appellee calls a "technicality," would result in depriving her of property rights without due process of law, in violation of the 14th Amendment to the Constitution of the United States. We find no merit in this contention. Remedies for the situation created by the verdict were available to the appellee, but she did not utilize them.

The judgment is reversed, with directions that a judgment be entered in favor of the corporation.