Ney MOUTARDIER et al., Appellants,

v.

Wilmer L. WEBB et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1957.

Rehearing Denied May 3, 1957.

Cubbage & Cubbage, Allen P. Cubbage, Leitchfield, V. R. Logan, Brownsville, for appellants.

T. H. Demunbrun, B. M. Vincent, Brownsville, Joe B. Orr, Bowling Green, for appellees.

BIRD, Judge.

Appellants, Ney Moutardier and Glendell Moutardier, father and son respectively, were defendants below in an action for damages resulting from an automobile accident. The case was tried twice by jury. On the first trial appellees were awarded damages against the father only in the aggregate sum of $2,000. The court granted appellees a new trial. On the second trial appellees were awarded damages against father and son in the aggregate sum of $2,450. For reversal of the second judgment appellants contend that the trial court erred in granting a new trial after the first verdict and judgment. They ask that the first verdict be reinstated and a judgment directed in conformity with the verdict.

On the first trial there was no issue of the father's independent negligence and no proof to sustain such an issue. The son was father's agent in the operation of father's truck. The jury, however, found against the father only. The father, within ten days from the return of the verdict, filed a motion for judgment, asserting that the verdict of the jury absolving the son from liability also entitled him to judgment. The appellees within the same period filed a motion for a new trial asserting divers grounds, all without merit. Both motions were filed before the entry of judgment.

The verdict entitled the father to judgment. In the absence of independent negligence on the part of the master, it is the court's duty, with or without motion, to enter a judgment for the master upon a verdict exonerating the servant, the liability resting solely upon the doctrine of respondeat superior. Dillon v. Harkleroad, 295 Ky. 308, 174 S.W.2d 419; Greyhound Corp. v. Leadman, Ky., 285 S.W.2d 177.

However, the court overruled the father's motion for judgment and sustained claimants' motion for a new trial, assigning no reason in either instance. Did the trial court err in so ruling? The answer is "no" for two reasons.

(1) Though the father's motion prior to time of judgment was unnecessary, such motion, for all intents and purposes, was a motion for judgment non obstante veredicto. While such motion is not within the contemplation and purview of the pro-

visions of CR 50.02, yet we see no reason why the court should not have the same latitude in ruling as provided in the rule. It provides that the court may, upon motion for judgment notwithstanding the verdict, grant a new trial. Appellants' motion therefore afforded the court a valid ground for ordering a new trial, though unsought and doubtlessly unwanted. (2) A motion for a new trial having been filed, this Court holds that the consideration of the court is not limited to the grounds incorporated in the motion. Gaidry Motors v. Brannon, Ky., 268 S.W.2d 627.

We must therefore conclude that granting a new trial was not error. No other error being assigned, the judgment is affirmed.