**CARGO TRUCK LEASING COMPANY,**
Appellant,

v.

**James PIPER, d/b/a Piper's Service Station,**
Appellee.

Court of Appeals of Kentucky.

Sept. 24, 1965.

Robert C. Manchester, Thomas J. Marshall, Jr., Wheeler, Marshall & Manchester, Paducah, for appellant.

Milton C. Anderson, Wickliffe, Nancy D. Montgomery, Clinton, Earle T. Shoup, Paducah, for appellee.

CLAY, Commissioner.

This is a case in which the rights of appellant became lost in a maze of procedural complexities, in part attributable to consolidation for trial of three cases arising out of a motor vehicle accident.

Clyde Daws, an employee of appellee, lost his life in a collision between two tractor trailer trucks. One was driven by Daws and the other by an employee of the William Bonnell Company. Bonnell had leased its truck from appellant, but appellant was in no way responsible for its operation and by directed verdict was absolved of liability to any parties in the respective suits.

By cross-claim appellant had asked for recovery against appellee for the property damage to its tractor trailer unit. This liability could be based only on a finding by the jury that appellee's employee Daws was negligent. It is not clear whether appellant made a motion for a directed verdict against appellee at any time during the trial; but if such a motion was made, it was properly overruled because, as mentioned above, appellant was entitled to recovery only if appellee's employee was found negligent by the jury.

The first verdict of the jury was incomplete and the court thereupon resubmitted the case to it on form verdicts. One of these forms, to which appellant objected, gave the jury the option of finding for appellee on appellant's claim (although the only other alternative was to find for

Bonnell, not for appellant, thus implying agency between Bonnell and appellant which did not exist). The jury found for appellee. Thereupon appellant moved for judgment notwithstanding the verdict.

■ The trial court's disposition of the issue of appellee's liability to appellant was in error. With respect to at least two other claims in these proceedings the jury found appellee's employee Daws negligent. Had a proper form verdict been submitted, the jury must inevitably have found for appellant. Actually no jury verdict was necessary on this issue, because appellant's right of recovery followed as a matter of law from the jury finding of Daws' negligence. Although the jury also found Bonnell's employee negligent, this negligence cannot be imputed to appellant. Thus appellee's liability and appellant's right to a favorable judgment are established.

■ The controversy on appeal resolves itself into the question of whether appellant properly preserved its right to a favorable judgment. (The amount of its damages was stipulated.) Appellee takes the position that appellant waived its right to object to the unfavorable verdict by failing to make a timely motion for rectification of any error in the verdict while the jury was available. This argument cannot be fitted to the facts of the action before us. The Crenshaw test (Smith v. Crenshaw, Ky., 344 S.W.2d 393) relied on by appellee applies to defects in verdicts rendered. Appellant's objection was not to a defect in the verdict but to a defect in the form submitted. In light of the form submitted, the jury could have made no other finding and it would have been a futile gesture to send it back to reconsider the verdict.

■ Appellee also asserts that appellant's motion for judgment notwithstanding the verdict was not the proper motion to obtain the relief it sought. In this appellee is correct. Appellant was not entitled to a directed verdict under CR 50.01 or to a judgment notwithstanding the verdict under CR 50.02. However, we are not disposed to permit the formal designation or name of a motion to control the rights of the parties where the nature of the relief sought is apparent and the substantive rights of the parties may be properly determined. See Blanton v. Pacific Mutual Life Insurance Company, D.C.N.C., 4 F.R. D. 200. As said in Moore's Federal Practice, 2d Ed., Vol. 2, paragraph 7.05 (page 1547): "The 'nature and legal effect' of a motion is determined by 'the substance, not the mere linguistic form.'"

■ Perhaps appellant should have moved for judgment on the verdict, or after judgment it should have made a motion under CR 59.05 to amend or vacate so much of the judgment as was adverse and enter a new one allowing recovery. As a matter of fact, that Rule was amended in 1960 for the very purpose of extending its coverage to a situation such as we have before us; that is, to enable a party to obtain a favorable judgment after a jury determination of an issue of liability between other parties which controls as a matter of law the rights of the moving party. See Clay, Kentucky Practice, Vol. 7, Comment 2; and Moutardier v. Webb, Ky., 300 S.W.2d 791.

■ Appellant throughout these proceedings has asserted its right to judgment against appellee conditioned upon a jury finding that appellee's employee Daws was negligent in causing the accident which resulted in the stipulated damage to appellant's vehicle. When the jury made such finding, appellant's right to judgment coalesced as a matter of law. Its motion for judgment notwithstanding the verdict should have been treated as a motion under CR 59.05, and the judgment should be altered and amended to grant this relief.

The judgment is reversed with directions to modify and amend the judgment consistent with this opinion.