**PROPANE TRANSPORT COMPANY,**
Appellant,

v.

**Earl EDELEN, Appellee.**

Court of Appeals of Kentucky.

March 18, 1966.

**698**

Edwin O. Davis, Davis & Mahan, Louisville, Robert C. Jackson, Brandenburg, for appellant.

James R. Watts, Brandenburg, Charles B. Zirkle and James H. Highfield, Louisville, for appellee.

CULLEN, Commissioner.

In this litigation growing out of a collision involving three motor vehicles the jury's verdict was:

> "The twelve members of this jury have agreed that Mr. Jupin was the cause of the accident. We also agree that the Propane truck was also at fault by traveling too close. We agree to award Mr. Edelen $10,000.00; $5,000.00 to be paid by the Jupin estate. $5,000.00 to be paid by Propane Transport Company."

Judgment was entered awarding Edelen (the appellee here) $5,000 against the Jupin estate and $5,000 against Propane Transport Company. The latter company has appealed.

Edelen was driving his pickup truck in a northerly direction on a two-lane state highway. A tractor-trailer unit of the Propane Transport Company, operated by an employe, Oliver Leihgeber, was following the Edelen truck. Roy Jupin's automobile was approaching from the opposite direction. The Jupin vehicle came across on the wrong side of the road and struck the Edelen truck, despite the fact that Edelen had driven almost completely off the road on his side to avoid being hit. The Propane unit, in Leihgeber's efforts to stop it, jackknifed and the trailer slid into the Edelen truck. Jupin was killed in the accident and Edelen was injured. Everyone involved in the accident sued everyone else but we are concerned here only with the verdict and judgment in favor of Edelen against Propane.

There was evidence that the tank-trailer in the Propane unit was empty; the highway was wet; the Propane unit had attempted to pass the Edelen truck around a quarter of a mile back from the scene of the accident; the accident occurred a short distance beyond the crest of a hill which the Edelen and Propane vehicles had

climbed, and as they went up the hill the Propane unit was as close as 40 feet to the Edelen truck; the Propane unit struck the Edelen truck only a second or less after the Jupin car hit the truck.

The applicable statute, KRS 189.340(6)(a), provides:

"The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of the vehicle and the traffic upon and condition of the highway."

An obvious purpose of the statute is that a reasonable margin of safety be allowed in case of an emergency requiring the front vehicle to stop, reduce its speed, or change its course. The statute contemplates that emergency situations may arise, so it is no excuse for a too close follower that his collision with the front vehicle was precipitated by an emergency.

It is our opinion that reasonable men could conclude that a following distance of only 40 feet with an empty tank-trailer, on a wet country highway, going up a hill which crested so as to limit the visibility ahead, was more close than was reasonable and prudent. Certainly it left practically no margin of safety in case of an emergency confronting the driver of the front vehicle. Traffic conditions were not so congested (as they often may be on urban expressways) as to require close following.

What we have said answers the contention of the appellant that it was entitled to a directed verdict because there was no evidence of negligence on the part of the Propane driver.

The appellant also contends that it should have had a directed verdict because Edelen judicially admitted that Jupin's negligence was "the" proximate cause of the accident. Nowhere in Edelen's testimony did he admit that the Propane truck was not closer behind him than was reasonable and prudent; so he did not admit that the Propane driver was not *negligent*. As far as *proximate cause* is concerned, Edelen's description of the circumstances of the accident, while perhaps constituting an admission that the Propane driver could not avoid the accident after the Jupin car created the emergency situation, in no way admitted that the Propane driver could not have avoided the accident had he been maintaining a reasonably long distance between his unit and the Edelen truck. The apparent belief of the appellant that there can be only *one* proximate cause is of course fallacious. See Alva West & Co. v. Corwin, 273 Ky. 557, 117 S.W.2d 192.

The appellant's final contention is that because the jury did not make an award against the driver of the Propane vehicle (who was a party to the suit) the judgment against the Propane Company is void. This contention is based on cases such as Baldwin v. Wiggins, Ky., 289 S.W. 2d 729, holding that *exoneration* of the employe by the jury requires that the verdict against the employer be set aside. We do not construe the verdict in the instant case (quoted at the outset of this opinion) as indicating any intent to exonerate the driver. In fact, the finding that the "truck" was at fault was obviously a finding of negligence of the truck driver.

In Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14, the court pointed out that there is no invariable rule that in every case and under all circumstances the mere failure to specifically find against the servant will be regarded as an affirmative finding in his favor, such as to relieve the master. The problem, says the opinion, is merely one of determining the *intention* of the jury as indicated by the verdict. As in that case, we think here that the verdict, fairly interpreted, amounted to a finding against the employe. This being so, the trial court properly could have entered judgment against the employe on the verdict. However, no one asked the court to do that, so no one can here complain of its not having been done.

The judgment is affirmed.