**Donald Lee KISER, Appellant,**

v.

**NEUMANN COMPANY CONTRACTORS, INC. and Kenneth Brownfield, Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Rehearing Denied May 17, 1968.

Albert A. Burchett, George Chad Perry, III, Paintsville, for appellant.

J. W. Craft, Jr., Craft & Haynes, Hazard, W. W. Burchett, Prestonsburg, for appellees.

PALMORE, Judge.

The appellant and cross-appellee, Donald Kiser, an employe of the appellee Neumann Company Contractors, Inc. (hereinafter Neumann), was the victim of an assault and battery by his foreman, the cross-appellant Kenneth Brownfield. He brought this common law tort action against Neumann and Brownfield, and the jury awarded him $2500 in compensatory damages against Brownfield and $2500 in punitive damages against Neumann. The verdict against Neumann was set aside on a motion for judgment n. o. v. The final judgment awarded recovery of $2500 against Brownfield and dismissed the action as to Neumann. Kiser appeals and Brownfield cross-appeals.

Among the defenses severally pleaded by Neumann and Brownfield was that at the time of the assault and battery the parties were covered by the workmen's compensation law, which provided an exclusive remedy. That the incident and in-

jury arose out of and in the course of the employment is not disputed. Neumann was given a judgment n. o. v. on this ground.

KRS 342.015(2) preserves the employe's common law right of recovery if his injury results "through the deliberate intention of his employer" to produce it. However, as Larson says,[1] "When the person who intentionally injures the employee is not the employer in person but a foreman, supervisor or manager, both the legal and moral reasons for permitting a common law suit against the employer collapse."

It was held in Williams v. Nowak, Ky., 406 S.W.2d 408 (1966), that if the employment is covered by the compensation law KRS 342.015(2) does not apply to an injury intentionally inflicted upon an employe by his supervisor and that the injured employe cannot maintain a common law tort action against the supervisor. That case would be completely dispositive here except for one vital circumstance: it was never admitted, stipulated or proved that the parties were working under the compensation law.

In the brief for Neumann it is said that Kiser admitted in pretrial conference and in his argument on Neumann's motion for a peremptory, and throughout the litigation practiced his case on the theory, that the parties were subject to the compensation law. We cannot tell how the case was practiced except from the record. If there was a pretrial conference the record does not reveal it. There is no order reciting the action taken at such a conference, as required by CR 16 in order to insure its efficacy. The only reference to this particular issue on the part of Kiser's attorney was made in response to Neumann's motion for a peremptory at the close of the plaintiff's evidence. We quote it in its entirety, as follows:

"As to the Workmen's Compensation Act being a bar to recovery, the Act itself provides that for willful or intentional acts of the employer, the claimant has his common law action as if the Act had never been passed and the common law of Kentucky is that a corporation is liable for the tortious acts of its employees committed in the scope of their employment."

We do not believe that statement can reasonably be treated as an admission, particularly in view of the fact that when it was made the defendants had not put on their evidence and might well have been expected to come forth with testimony in support of their pleaded defenses.

■ At the close of all the evidence the transcript recites that "the defendant, Neumann Company Contractors, Inc., renewed its motion made at the close of the evidence for the plaintiff, and assign [sic] the same reasons seeking a directed verdict for the defendants. And came the plaintiff, by counsel, and made the same exceptions to said motion. The court overruled said motion, to which ruling of the court the defendants except." We cannot construe this perfunctory reference to "the same exceptions" theretofore advanced by the plaintiff as an admission of that which Neumann had failed to prove.

■ The granting of a judgment n. o. v. dismissing the action against Neumann, though not sustainable on the theory relied upon by the trial court, was nevertheless proper under the long-standing principle "that where an employer and employee are jointly sued for injurious consequences of an indivisible wrongful act of the employee, his exoneration by a jury from personal liability requires that the verdict against the employer be set aside." Baldwin v. Wiggins, Ky., 289 S.W.2d 729, 731 (1956). By returning a verdict against Brownfield for compensatory damages alone the jury exonerated him of punitive damages. In circumstances under which the liability of the employer is purely derivative, he cannot be held liable while the employe at the same time is found not

---

1. Larson's Workmen's Compensation Law §. 68.21 (Vol. 2, p. 156).

liable. We perceive no reason why this principle should not or does not apply equally to punitive as to compensatory damages. If the servant's conduct does not warrant recovery of punitive damages against himself, it cannot warrant such recovery against the master.

■ We are of the further opinion, however, that the converse of the latter proposition must also be true. If the jury's failure to find against the servant acquits the master, so must a verdict against the servant be taken as a finding against the master. Cf. Cargo Truck Leasing Company v. Piper, Ky., 394 S.W.2d 472, 474 (1965). If, as in this case, there is no issue as to the injury's having been inflicted by the servant within the scope of his authority, or if there is such an issue and it is resolved against the master, the doctrine of respondeat superior makes the master liable to the same extent as the servant. Hence the judgment should have awarded recovery of $2500 in compensatory damages against both defendants.

■ The argument is made that the award was excessive. According to the evidence most favorable to Kiser, he received several hard blows on the back of the neck and was unable to work for four weeks [2] because of stiffness and soreness of the neck. At the time of the trial almost six months after the altercation he still had two knots on his neck which apparently were discernible to the naked eye, since he pointed them out to the jury. Though his medical bills were minor, he did go to a physician two or three times, had his neck X-rayed, and took heat and vibration treatments. Moreover, the instructions permitted recovery for "embarrassment, humiliation, shame and dishonor." [3] Among other things, Brownfield, a larger and stronger man, after he had assaulted and overpowered Kiser, added insult to injury by spitting snuff juice into his face. Under the instructions given, that alone would call for a pretty good price.

We are not persuaded that the award was excessive.

The judgment is affirmed in part and reversed in part with directions that it be modified so as to award Kiser $2500 in compensatory damages against Brownfield and Neumann jointly and severally.

All concur.

---

2. He usually earned $200 per week as a painter.

3. No issue is raised on appeal as to the propriety of the instructions.