**BREATHITT FUNERAL HOME and Dixie Belle Dairy Company, Appellants,**

**v.**

**Mary NEACE, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1969.

James S. Hogg, Jackson, S. Russell Smith, Louisville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment awarding damages in the sum of $10,000 to appellee plaintiff for injuries she suffered in the collision of a Breathitt Funeral Home ambulance and a Dixie Belle Dairy truck. Plaintiff, in the ambulance, was accompanying her injured daughter to a hospital in Lexington when the collision occurred at an intersection on the outskirts of Jackson. No question of fault is raised by this appeal.

The first contention we will consider concerns the validity of the verdict which made an award against the two masters but did not find against their two servants who were operating the motor vehicles and had been made parties defendant. It has long been recognized that a verdict which absolves the servant and finds against the master under the doctrine of respondeat superior is irregular when both the master and servant are sued. Lewis, et al. v. Devasher, Ky., 267 S.W.2d 938; Greyhound Corporation v. Leadman, Ky., 285 S.W.2d 177; Baldwin v. Wiggins, Ky., 289 S.W.2d 729. The general rule was qualified in Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14, and Propane Transport Company v. Edelen, Ky., 400 S.W.2d 697, where the verdict did not specifically absolve the servant of liability, it being held that the verdict must be construed in the light of the instructions to determine the intention of the jury.

The verdict in the present case probably could be construed as finding against the servants, as was done in the last two cited cases, but we do not reach that question. Defendant appellants, Breathitt Funeral Home and Dixie Belle Dairy, are not in a position to question this verdict on appeal because they did not timely assert their objection thereto.

Robert L. Milby, Hamm, Taylor & Milby, London, Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellants.

The verdict was:

"We the jury find the sum of $10,000 to Mary Neace, 60 per cent liability against the Dixie Belle Dairy and 40 per cent liability against Breathitt Funeral Home."

■ This of course was a specific and complete finding against these two defendants. The objection is that the verdict did not find against the two employees of these defendants, which could have been the only basis of the latter's liability. However, that deficiency or irregularity was at once discernible when this verdict was returned, and it was incumbent on any party who was adversely affected to object thereto and give the court an opportunity to send the jury back to reconsider its verdict or to correct its findings. The failure to do so constituted a waiver of the objection.

The question of waiving a defect in a verdict by failure to make a proper and timely objection was carefully considered in Smith v. Crenshaw, Ky., 344 S.W.2d 393. Therein we stated (page 395):

"Having given the question a thorough reconsideration we shall attempt to restate our views. First, we shall say that we think that in any case where the verdict is incomplete, ambiguous, inconsistent, irregular or otherwise defective the proper procedure should be that the jury be sent back to complete or correct the verdict. A motion to that end should be made by the party or parties affected by the defect. This is in accordance with the basic principle of the Rules of Civil Procedure that the trial court should be given the opportunity to correct upon the trial any errors capable of correction by it, so as to avoid the necessity of new trials.

"The problem arises, of course, where the motion is not made. The question then is whether the defect can be asserted as a ground for a new trial or as error on appeal. It is our conclusion that if the verdict makes a determination of a particular claim, and the incompleteness, ambiguity or inconsistency of the verdict relates only to the matter of the grounds upon which the determination was made or what facts were found as the basis for the determination or *arises out of the failure to determine other claims* or the nature of the determination of other claims, a party to the particular claim that has been determined is not entitled to rely upon the incompleteness, ambiguity or inconsistency of the other parts of the verdict as a ground for asserting that the determination of the particular claim is contrary to law *unless he has moved that the jury be sent back to complete or correct the verdict.*" (Emphasis added)

There is nothing ambiguous, inconsistent or incomplete in the verdict before us with respect to the award of damages in favor of the plaintiff against the employer defendants. The only objection is that the verdict was incomplete because it did not determine other claims in the case. In the above quotation that is one of the grounds specifically set forth as requiring a motion to have the jury sent back to complete its verdict. To permit the employer defendants to ambush the plaintiff on a motion for a new trial or for judgment because of this irregularity does not comport with reasonable standards of fairness or the orderly administration of justice. It should not require a complete new trial to straighten out an irregularity of this character which could have been more simply and adequately handled before the jury was discharged. The objection to the incompleteness of the verdict on the technical ground asserted was waived.

■ The final contention is that the verdict of $10,000 is excessive. The plaintiff was riding in the ambulance and was severely shaken up at the time of the collision. She looked after her child in a Lexington hospital for two weeks after the accident but does not appear to have been given any significant medical treatment

while there. Two and one-half months after the accident she was examined by Dr. Stevens, who furnished the only medical evidence at the trial. He saw her only twice, the second time being two years later. Her principal complaint was low back pain, and she testified she suffered extensively.

Dr. Stevens found an irregularity of the "inferior-anterior portion of the vertebral body", which he diagnosed as a compression fracture. However, the only treatment he recommended consisted of exercises and the use of a firm bed. With respect to her subjective complaints, he described them as being "indeterminate", and he testified, "I thought she was not significantly impaired for the duties of a housewife". The only evidence of any permanent injury was Dr. Stevens' statement that the irregularity he found in the plaintiff's vertebra was a "permanent deformity". He did not indicate the extent of this deformity, nor did he suggest that this condition would cause any future disability. Her total medical expenses were $45.00.

Appellants interposed a proper objection to the giving of the instruction which authorized an award for the permanent impairment of the plaintiff's power to earn money, and we have serious doubt that the evidence justified such an instruction since the medical evidence did not disclose that the vertebral deformity would have any future injurious effect. See Ingram v. Galliher, Ky., 309 S.W.2d 763, and Field Packing Company v. Denham, Ky., 342 S.W.2d 524. However that may be, we are of the opinion that in view of the nature of plaintiff's injuries, the apparent nonnecessity for medical attention, the diagnosis of her own doctor, the treatment received, and the minimal medical expense incurred, the evidence would not justify such a substantial verdict as was rendered in this case. It strikes us at first blush as excessive and appears to have been rendered as a result of prejudice rather than on the basis of the damages proved.

The judgment is affirmed in part and reversed in part, with directions to grant appellants a new trial on the issue of damages only.

HILL, MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.