**LIBERTY NATIONAL BANK & TRUST COMPANY, Appellant,**

v.

**Charles R. GRUENBERGER et al., Appellees.**

Court of Appeals of Kentucky.

March 17, 1972.

**504** ■

————◆————

James C. Hickey, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

Tony Rives, Chester A. Vittitow, Jr., Henry D. Hopson, Hamilton, Hopson & Hamilton, Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

CULLEN, Commissioner.

This is an appeal from a judgment awarding damages in the amount of $4,000.00 to the purchaser of real property against the seller for false and fraudulent misrepresentation as to the condition of the property.

The appellant, Liberty National Bank & Trust Company, hereinafter referred to as the bank, acting as executor of an estate, decided to sell an apartment building belonging to the estate. To that end the bank engaged the services of the appellee, Bruce Hoblitzell, Jr., d/b/a Bruce Hoblitzell Company, hereinafter referred to as the realtor, to appraise the property and to effect a sale.

On the basis of information provided by the realtor, a listing was distributed to other realtors who were members of a multiple listing service. This listing contained the erroneous information that the apartment building was wired for 220-volt electricity.

Appellee, Gruenberger, was interested in investing in apartment properties and had requested his nephew, a real estate agent, to keep him informed as to suitable investment opportunities. The nephew called Gruenberger's attention to the listing which contained the erroneous information on the property in question. Gruenberger looked at the property and commented upon the absence of three-prong-electrical outlets which he associated with 220-volt wiring. Gruenberger's nephew (and agent) thereupon contacted the realtor who assured him that the property was in fact wired for 220-volt electricity. This information was relayed to Gruenberger and he purchased the property. Thereafter, Gruenberger discovered that the building was not wired for 220-volt electricity and he brought this action for damages against both the bank and the realtor on the basis of alleged false and fraudulent misrepresentation as to the condition of the property. The bank did not cross-claim against the realtor for indemnity.

At the close of the trial, the court directed a verdict exonerating the realtor, on the ground that the evidence did not establish the essential element, for liability, of scienter. The bank's motion for a directed verdict was overruled, apparently on the theory that the bank could be liable for *negligent* misrepresentation. However, the case was submitted to the jury, as against the bank, under instructions authorizing recovery if the bank, *through its agents*, made misrepresentations *knowing* them to be false or with a reckless disregard as to whether they were true or false, which instructions did not present a *negligence* theory. The jury returned a verdict for $4,000 against the bank. The latter moved for judgment n. o. v., asserting as one ground that since the court had exonerated the real estate agent from actionable misrepresentation, no such misrepresentation could be imputed to the bank as principal. The motion was overruled and judgment entered.

The appellant bank asserts three grounds for reversal of the judgment. They are: (1) The court erred in allowing recovery against the principal after having granted a directed verdict for the agent; (2) some of the elements of fraud and misrepresentation were not proved; and (3) the instructions erroneously submitted the case upon the basis of implied warranty.

The bank rests its first contention on the long recognized rule that where an agent and his principal are jointly sued for a wrongful act committed by the agent for which the principal is claimed to be liable under the doctrine of respondeat superior, and the verdict exonerates the agent but finds against the principal, the latter is entitled to judgment exonerating him also. See Illinois Central R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S.W.2d 153; Dillon v. Harkleroad, 295 Ky. 308, 174 S.W. 2d 419; Chesapeake & Ohio R. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S.W.2d 549; Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14; Lewis v. Devasher, Ky., 267 S.W.2d 938; Greyhound Corporation v. Leadman, Ky., 285 S.W.2d 177; Baldwin v. Wiggins, Ky., 289 S.W.2d 729; Moutardier v. Webb, Ky., 300 S.W. 2d 791; Kiser v. Neumann Company Contractors, Ky., 426 S.W.2d 935.

The rule relied upon, however, was in practical effect wiped out in 1969 by the decision in Breathitt Funeral Home v. Neace, Ky., 437 S.W.2d 490. There this court held that when a verdict comes in exonerating the agent but holding the principal liable, it is incumbent upon the latter to move that the jury be sent back to correct the verdict. If such motion is not made, the principal is entitled to no relief by virtue of the error in the verdict. While *Neace* does not say so explicitly, it is obvious, however, that if the principal *does* make the motion, his relief will never take the form of a judgment of exoneration, unless the corrected verdict itself exonerates him. This is so because if the trial court sustains the motion, the verdict will be corrected; while on the other hand, if the trial court overrules the motion, the only relief obtainable by the employer, on appeal, would be the granting of a *new trial* by reason of the trial court's error in not ordering the jury to correct its verdict.

Of course in the instant case the mistake in the verdict, if there was one, was not attributable to the jury, but to the trial court in directing a verdict for the agent while letting the case go to the jury against the principal. There is no difference, however, in the basics of the situation, from that in *Neace*. Under the rationale of *Neace*, the bank in the instant case was not entitled to *judgment* by reason of the trial court's error. The bank could have moved that the trial court grant a new trial by reason of the error, on which new trial the issue of liability both as to the agent and the principal would be submitted, and had the trial court overruled that motion this court could have directed a new trial. But the bank sought only a judgment exonerating it, to which relief it was not entitled.

The bank next contends that there was no proof against it of knowledge of the falsity of the representation or intent to defraud and no proof of reliance upon the false representation by the aggrieved party. It is true that the bank did not make any direct representation to Gruenberger but the representations of the realtor are chargeable to the bank.

The principal may be held responsible for the misrepresentations made by his agent as a part of the negotiations for the purpose of bringing about the sale of property even though the principal did not know of the agent's misrepresentations. 37 Am. Jur.2d, Fraud and Deceit, Section 316; Isaacs v. Cox, Ky., 431 S.W.2d 494 (1968); Hadden v. William, Ky., 248 S.W.2d 408 (1952); McGuffin v. Smith, 215 Ky. 606, 286 S.W. 884 (1926).

The fact that Gruenberger relied upon representations transmitted to him by his own agent from the realtor does not affect his right of recovery because when a fraud is worked upon an agent, the fraud is considered as worked upon his principal who is damaged thereby. 3 Am.Jur.2d, Agency, Section 289; Restatement 2d, Agency, Section 315. The issues of intention and reliance were submitted to the jury and these issues were resolved in favor of Gruenberger upon evidence which supports the verdict.

■ The bank finally contends that the instructions were erroneous in that the case was submitted to the jury upon the theory of implied warranty. The instruction given was as follows:

"The Court Instructs the Jury:

"1. If you believe from the evidence that before the plaintiff, Charles Gruenberger, purchased the property about which you have heard evidence from the defendant, Liberty Bank & Trust Co., executor of the estate of Lowell Collings, it was represented and warranted to the plaintiff through its agents that the property he proposed to purchase and did purchase was equipped with 220 wiring, and that the defendant, Liberty Bank & Trust Co., knew that such representations, if any, were false or made with a reckless disregard as to whether they were true or false and made for the purpose of deceiving the plaintiff for consummating the sale for the said property, and that Plaintiff relied on said representations and was thereby induced to purchase said property and would not have purchased said property for the price paid if he had known said representations were false and untrue, if they were untrue, then the law is for the plaintiff and you will so find. But unless you so believe, you will find for the defendant, Liberty Bank & Trust Co., executor of the estate of Lowell Collings."

Although the words *represented and warranted* were used in the instruction it seems apparent that the word *warranted* was used synonymously with the word *represented*. Nothing in the instructions authorized the jury to predicate liability upon the basis of implied warranty. No other objection was made to the instructions.

The judgment is affirmed.

MILLIKEN, C. J., and HILL, PALMORE, OSBORNE, REED and NEIKIRK, JJ., concur.