BANK OF NEVADA, APPELLANT, *v.* BUTLER AVIA-TION–O'HARE, INC., AND BUTLER AVIA-TION–BOSTON, INC., RESPONDENTS.

No. 10639

September 18, 1980                    616 P.2d 398

*Smith & O'Brien,* Las Vegas, for Appellant.

*Donald W. Haley,* Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Respondents sued to recover damages incurred when bank officers furnished respondents' credit manager incorrect information about a bank customer's account. Although the trial court dismissed the action against all bank officers, it entered judgment against the bank. The bank appeals, contending that dismissal of the action against the officers precluded liability on the part of the bank. It further contends that the trial court should have required respondents to prove their case by clear and convincing evidence.

Respondents' credit manager telephoned the bank and spoke with one of the bank officers named. The credit manager inquired about the account balance of a customer who wished to pay respondents by check. Ron Foglia informed the credit manager that the customer's account balances were, "various, mostly moderate—high six," i.e., that the customer's account balances had been at least $500,000. In fact, the customer's account balances had never been higher than $17,809.15, and, five days prior to the officer's conversation with respondents' credit manager, the customer's account balance was $40.91. Respondents' credit manager instructed respondents' airport facilities to accept checks from the bank's customer. Two checks were accepted, but when respondents presented them for payment, appellant dishonored them for insufficient funds.

1. Appellant argues that if no basis exists to charge an employer, other than vicarious liability for the imputed negligence of its agent, a judgment on the merits in the agent's favor bars further action against the employer. *See* Village Development Co. v. Filice, 90 Nev. 305, 310, 526 P.2d 83, 86 (1974). Respondents argue that the bank had an independent duty to the respondents, and, therefore, the general rule should not be applied.

We believe the general rule to be inapplicable. The record does not show the trial court found that the bank officers were free from negligence. Rather, the record reflects that the trial court dismissed claims against the officers because it found

insufficient evidence of "collusion." The record amply supports a finding that at least one officer, Ron Foglia, negligently misrepresented the facts regarding the customer's account balances to the respondents' credit manager, and that the credit manager reasonably relied upon the information he was given. This court wrote in Nevada Nat'l Bank v. Gold Star Meat Co., 89 Nev. 427, 514 P.2d 651 (1973):

> Here it was foreseeable that after a specific inquiry about the credit of a potential customer and a favorable disclosure by the appellant that an ordinary, prudent person would extend credit based on that favorable information. The position of an agent such as Hastings facilitates the reliance of third persons to whom such information appears accurate and to whom such agent appears to be acting in the ordinary course of the business entrusted to him. In Warshauer v. Bauer Construction Co., 3 Cal.Rptr., 570, 573 (Cal.App. 1960), that court said: "The courts have consistently held that the principal is responsible to third parties for the misconduct of an agent committed within the scope of his authority even though the principal is completely innocent and has received no benefit from the transaction. . . ," citing Wells Fargo Bank & Union Trust Co. v. Dowd, 294 P.2d 159 (Cal.App. 1956); Rutherford v. Rideout Bank, 80 P.2d 978 (Cal. 1938); Restatement of Agency § 261. See also Merchant's Bank v. State Bank, supra, at 644, Dougherty v. Wells Fargo & Co., supra; 2A C.J.S. Agency § 157 at p. 785.
>
> The district court committed no error in holding Nevada National Bank liable for the negligent acts of its agent, based on Hastings' material misrepresentations.

89 Nev. at 431, 514 P.2d at 654. *See also Restatement (Second) of Torts* § 552 (1977).[1] The judgment is affirmed. *Cf.* Propane Transport Company v. Edelen, 400 S.W.2d 697 (Ky.App. 1966).

Of course, absent entry of a final judgment pursuant to NRCP 54(b), dismissal as to the bank officers did not become

---

[1]The applicable paragraph reads:

"§ 552.    Information Negligently Supplied for the Guidance of Others

"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplied false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

final until entry of judgment against the bank itself. *See* Lum v. Stinnett, 87 Nev. 402, 488 P.2d 347 (1971). We might, therefore, remand this case and order that judgment be entered against Mr. Foglia as well as against the bank. *Id.* However, respondents have not complained of any error in the court's dismissal of their claim against Foglia. Appellant obviously is not aggrieved by such dismissal, for it did not attempt to hold any of its officers accountable for negligence, by pleading a cross-claim against them.

2.  Appellant's contention that the trial court should have required respondents to prove their case by clear and convincing evidence is without merit. The considerations of policy which require proof of fraud by clear and convincing evidence do not apply where the defendant has had honest intentions, but has merely failed to exercise reasonable care in what he says or does. *See, e.g.,* Liodas v. Sahadi, 562 P.2d 316, 320–25 (Cal. 1977), and *McCormick on Evidence* § 340, at 796–98 (2d ed. 1972).

Affirmed.

Mowbray, C. J., and Thompson, Manoukian, and Batjer, JJ., concur.