46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laura Jane COULTER, et al., Plaintiffs-Appellants,
v.
E.I. DUPONT DE NEMOURS & CO., a Delaware Corporation, et
al., Defendants-Appellees.
And Related Consolidated Cases.
 Nos. 93-16008, 93-16009, 93-16010, 93-16012, 93-16014,
93-16015, 93-16016, 93-16017, 93-16018, 93-16253 60
93-16261, 93-16263, 93-16264, 93-16274 to 93-16277, 93-16279
to 93-16283, 93-16285, 93-16286, 93-16293 to 93-16295,
93-16297 and 93-16423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1994.
Decided Jan. 10, 1995.
 
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laura Jane Coulter and some one hundred seventy others (collectively "Coulter") appeal the district court's grant of summary judgment in favor of DuPont. Coulter claims that the district court erred in granting summary judgment to DuPont on her claims of negligent product liability, strict product liability, and breach of implied warranty of merchantability.[1]
 
 
 3
 * Coulter argues that the district court erred in granting summary judgment to DuPont because there is a genuine issue of material fact as to whether DuPont had a duty to warn of the dangers posed by the use of polytetraflouroethylene ("PTFE") in TMJ implants. We reject Coulter's claim.
 
 
 4
 Nevada courts apply the Restatement to tort cases. See Bank of Nevada v. Butler Aviation O'Hare, 616 P.2d 398 (Nev.1980). Section 388 of the Restatement (Second) of Torts sets forth the elements of negligent failure to warn; section 402A establishes strict liability for failure to warn. Although sections 388 and 402A have nominally different elements, both establish liability for failure to warn. Thus, many courts have held that under strict liability, "the defectiveness or unreasonable dangerousness of a product because of failure to warn depends on the same considerations respecting harm as in the context of negligence...." Hohlekamp v. Rheem Mfg. Co., 601 P.2d 298, 301 (Ariz.App.1978).
 
 
 5
 Nevada courts have yet to rule on the analogousness of section 388 and section 402A. This court thus must put itself in the position of the Nevada Supreme Court and endeavor to decide this state law issue as would Nevada's highest court.
 
 
 6
 Much has been written on whether there is a difference between liability for a failure to warn based on negligence and liability for failure to warn based on strict liability. The consensus is that there is no significant practical difference between the two theories. See, e.g., Kelly v. Crown Equip. Co., 970 F.2d 1273, 1277 (3d Cir.1992); DiPalma v. Westinghouse Elec. Corp., 938 F.2d 1463, 1466 (1st Cir.1991); Nigh v. Dow Chemical Co., 634 F.Supp. 1513, 1517 (W.D.Wis.1986); see also Prosser and Keeton on Torts (5th ed. 1984) Sec. 99. Moreover, the Nevada Supreme Court appears to have approved of this approach in several of its cases. See Outboard Marine Corp. v. Schupbach, 561 P.2d 450, 453 (Nev.1977); Jacobsen v. Ducommun, Inc., 484 P.2d 1095 (1971).
 
 
 7
 The court therefore concludes that, in assessing DuPont's possible liability for failure to provide an adequate warning, Coulter's negligence and strict liability claims should be considered together.
 
 
 8
 Section 388 holds a supplier of a product liable to the consumer for harm caused by the use of that product if the supplier:
 
 
 9
 (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
 
 
 10
 (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
 
 
 11
 (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.
 
 
 12
 Coulter adduces no evidence to demonstrate that DuPont either knew or had reason to know that PTFE was unsuitable for the TMJ implant. It is true that DuPont was aware of early studies in which practitioners experienced difficulties when PTFE was used as a load-bearing hip joint. This does not mean that DuPont knew or had reason to know that when additional ingredients were added to PTFE and when PTFE was subjected to a patented eight-step process, that Proplast would not work in TMJ implants. Nor does it mean that DuPont knew or had reason to know that the TMJ was a load-bearing joint and might be subject to the same difficulties as the hip joint.
 
 
 13
 The only showing of such knowledge is the Bernhardt memorandum. As we explained in Anguiano v. DuPont, No. 93-15401, slip op. ---- (9th Cir. Jan. 10, 1995), although the Bernhardt memorandum suggests that some practitioners had experienced difficulties using the implants, there is no suggestion that Bernhardt understood the significance of the memo's contents or showed it to any DuPont employees in a position to appreciate the significance of Dr. Sanders' and Dr. Akins' comments.
 
 
 14
 For the reasons expressed in Anguiano, we conclude that there is no genuine issue of material fact that DuPont either knew or had reason to know that TMJ implants would behave as did the hip joint implants. Because DuPont had no knowledge of the danger, it had no duty to warn. We therefore affirm the district court's grant of summary judgment on the issue of failure to warn.[2]
 
 II
 
 15
 Coulter next asserts that DuPont breached its implied warranty of merchantability. We reject this contention.
 
 
 16
 Under the Uniform Commercial Code, as adopted by Nevada, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Nev.Rev.Stat. Sec. 104.2314-1. To be merchantable, goods must be "fit for the ordinary purposes for which such goods are used." Nev.Rev.Stat. Sec. 104.2314-1(c).
 
 
 17
 The district court concluded that the duty owed by a seller to the ultimate consumer can be no greater than that owed to the immediate purchaser. No implied warranty existed between Vitek and DuPont; DuPont informed Vitek and Vitek acknowledged that DuPont did not manufacture a medical grade of PTFE. Thus, the district court reasoned, DuPont owed no duty to Coulter.
 
 
 18
 On appeal, Coulter does not refute the district court's ruling that, under Nevada law, her claim must derive from DuPont's implied warranty to Vitek. Having failed to challenge the correctness of the trial court's ruling, no error has been presented for this court's consideration. Thus, we affirm.
 
 III
 
 19
 Coulter next alleges that DuPont was negligent per se for improperly labeling PTFE, as required under the 1976 Medical Device Amendments.
 
 
 20
 "The general rule is that an issue will not be considered for the first time on appeal unless a party shows exceptional circumstances why the issue was not raised below." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989). Coulter fails to assert "exceptional circumstances" for her failure to raise this issue below. Thus she has waived this argument.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Each of the thirty-six appeals has a separate district court number
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 DuPont argues that the Medical Device Amendments of 1976 ("MDA"), amending 21 U.S.C. Secs. 301-92, preempt state statutes and common law regulating medical devices, thus precluding Coulter's state law claims for negligence and strict liability. For the reasons expressed in Anguiano v. DuPont, No. 93-15401, slip op. ---- (9th Cir. Jan. 10, 1995), we reject DuPont's contention
 
 
 [2]
 Coulter also claims that the district court erred when it held that DuPont's duty to warn was relieved by the bulk supplier doctrine. Because we conclude initially that DuPont had no duty to warn, we need not reach the issue of the bulk supplier defense