**Omer JONES et al., Petitioners,**

**v.**

**Marlow W. COOK, County Judge, Jefferson County, Kentucky, et al., Respondents.**

Court of Appeals of Kentucky.

May 8, 1964.

James E. Thornberry, Louisville, for petitioners.

Kenneth B. Kusch, Asst. County Atty., Louisville, for respondents.

DAVIS, Commissioner.

This is an original proceeding in this Court under RCA 1.420 to obtain relief in the nature of prohibition against the respondent Jefferson County Judge. The objective is to enjoin further proceedings in a condemnation suit brought by Jefferson County on the ground the County has no right to condemn the land. We are dismissing this petition because the relief sought, if merited, can and should be obtained by proceeding in the circuit court. Cunnigan v. Jones, Ky., 371 S.W.2d 624; Coffey v. Anderson, Ky., 371 S.W.2d 625; Howell v. Wilson, Ky., 371 S.W.2d 627; Stillpass v. Niblack, Ky., 378 S.W.2d 794.

The cited cases recognize that a circuit court has jurisdiction to entertain a proceeding in the nature of prohibition or mandamus against a judge of a court inferior to the circuit court. CR 81 provides that relief heretofore available by these remedies may be obtained by appropriate action or motion in the circuit court without regard to the form of the proceeding.

CR 81 specifically calls attention to injunction procedure (under CR 65), which normally will provide a completely adequate remedy. It affords an avenue for temporary and permanent relief in an orderly proceeding, which if necessary is subject to review in this Court. We will not entertain an original proceeding here where the petitioner has another adequate remedy. Robinson v. Yager, Ky., 344 S.W.2d 610; Cunnigan v. Jones, Ky., 371 S.W.2d 624.

It may be pointed out that an action in the circuit court affords a better remedy for the type of relief here sought in that the real party in interest in the original proceeding under attack (in this case Jefferson County) could be joined as a necessary or proper party under CR 19.01. See Clay, CR 19.01, Vol. 6, Comments 3 and 4 (pages 318 and 319). This would enable such party to defend the action taken, or proposed to be taken, by the judge whose authority is attacked. (Under certain cir-

cumstances adequate relief could possibly be obtained by enjoining the adverse party without proceeding directly against the judge.)

 Although we are dismissing the petition, since we have heard oral argument and considered the narrow question involved on the merits, we are inclined to express the view that KRS 178.290 should not be construed as prohibiting Jefferson County from condemning petitioners' property.

The petition is dismissed.