**Kathryn Lambe FAULKNER, Petitioner,**

v.

**George O. BERTRAM, Judge, Taylor Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Robert E. Hogan, Louisville, for petitioner.

George O. Bertram, Judge, pro se, Taylor Circuit Court, Campbellsville, for respondent.

CLAY, Commissioner.

Petitioner seeks a permanent order of prohibition against respondent to prevent his trying a divorce action. The grounds of the petition are (1) Taylor County is not the proper venue of the action, and (2) the respondent is prejudiced and biased against the petitioner.

On the 19th day of June 1968, James Faulkner filed a divorce suit against petitioner in the Taylor Circuit Court, over which respondent presides. In that suit petitioner filed an answer and counterclaim in which she admitted the allegation of the complaint that both she and her husband resided in Taylor County. On August 30 she moved to withdraw her answer and counterclaim, which she was permitted to do. On September 10 she filed in the Jefferson Circuit Court a suit for divorce against her husband. We surmise from the record before us that the petitioner, after her husband filed the suit in the Taylor Circuit Court, moved to Louisville where she apparently now resides.

With respect to venue, the petitioner fails to state any facts which would tend to establish that the Taylor Circuit Court was without jurisdiction. On the contrary, both the petition and the record filed with the response would seem to establish just the opposite. There is no allegation that this issue was presented to or decided by respondent.

With respect to the alleged bias and prejudice, the proper remedy of course would have been to take necessary procedural steps in the Taylor Circuit Court to have respondent vacate the bench (assuming there were adequate grounds therefor). See Brents v. Burnett, 295 Ky. 337, 174 S. W.2d 521.

The basis for prohibition against a judicial officer is that he is without jurisdiction or is proceeding erroneously within his jurisdiction. Pace v. Wolfinbarger, Ky., 420 S.W.2d 561. Neither of these facts appears. In addition, petitioner has or had other adequate remedies. See Jones v. Cook, Ky., 378 S.W.2d 795.

The petitioner for a permanent order of prohibition is denied, and the temporary order heretofore entered on September 20, 1968, is dissolved.

All concur.