Captain John ROBEY, Troop Commander
Kentucky State Police, etc.,
Petitioner,

v.

John J. WINN, Judge, Rowan Circuit Court,
etc., Respondent.

Court of Appeals of Kentucky.

May 15, 1970.

Rehearing Denied June 5, 1970.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Captain William C. Mullins, Dept. of Public Safety, Frankfort, for petitioner.

Lewis A. White, Mt. Sterling, for respondent.

CLAY, Commissioner.

This is an original proceeding for a writ of prohibition against the Honorable John J. Winn, Judge of the Rowan Circuit Court. A temporary order has heretofore been entered.

In January 1969 the state police, acting under a search warrant, seized a 1963 Chevrolet van truck owned by one Evans. Subsequently he was tried on the charge of unlawful possession of alcoholic beverages and a verdict was directed for him in the Rowan Quarterly Court. Thereafter, in a proceeding against one Johnson who was charged with a similar crime, the respondent as Judge of the Rowan Circuit Court ordered and directed the Commonwealth through its agency, Kentucky State Police, to return the truck to Evans.

It so happens that the truck had been placed by the state police in a garage and the garageman was claiming towing and storage charges amounting to something over $450. The petitioner, who is the troop commander of a state police troop stationed at Morehead, tendered to Evans the keys to the truck and advised him it was in Caskey's Garage in Morehead. Evans refused the keys, apparently because he was unwilling to pay the charges against the truck.

He thereupon sought and obtained from respondent a contempt rule against petitioner. The order here in controversy was then entered by respondent. Petitioner was adjudged in contempt and he was directed to return the truck to Evans free and clear of any charges. Upon his failure to do so and thus purge himself of contempt, he was ordered to jail.

It is petitioner's position that he does not have actual possession of the truck and therefore the court has ordered him to do something he is unable to do. However, he admits having the keys to it, and at least it is in his constructive possession. He has failed to show that he cannot comply with the court's order.

Petitioner asserts that since the garageman has a lien on the truck for the charges it is impossible for him to obtain possession of the vehicle without satisfying the lien. It would appear the garageman does not have such a lien since the charges were incurred without the authorization of the owner. See 38 Am.Jur.2d, Garages, etc., sections 145 and 146, pages 440 and 441. However that may be, the garageman is the agent of the Commonwealth and/or the state police and whatever arrangement was made with him cannot impose a liability on the owner nor impair his right to possession under the court order. Petitioner contends he cannot comply with the court order without personally paying the charges and, in effect, the court has entered a money judgment against him. We do not think so. There is no showing that petitioner has attempted to obtain possession from the garageman, charges or no.

The Commonwealth, acting through the state police, took possession of this vehicle and the Commonwealth through the state police is obligated to return it. The court's order must be enforceable against someone and petitioner, who admits pos-

session of the keys, is the proper person to act on behalf of the Commonwealth. The difficulties of compliance, which were not created by the owner, are irrelevant.

Petitioner asserts that it is impossible for him to perform, citing Clay v. Winn, Ky., 434 S.W.2d 650 (1968). The respondent did not, and we do not, find such impossibility. The allegations of the petition do not establish it.

On the whole case petitioner has failed to present any sufficient reason why he has failed to comply with the court order, or why we should grant him the extraordinary remedy of prohibition.

The petition for a writ of prohibition is denied.

EDWARD P. HILL, C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.