MID–SOUTHERN TOYOTA, LTD., et al., Petitioners,

v.

Honorable Henry V. PENNINGTON, Judge, Boyle Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 9, 1970.

Joseph J. Leary, Frankfort, for petitioners.

Henry V. Pennington, pro se.

James F. Clay, Clay & Clay, Danville, for Bug's Imports, Inc., intervenor.

DAVIS, Commissioner.

Mid-Southern Toyota, Ltd., and Amco Industries, Inc., have invoked the original jurisdiction of this court seeking to prohibit Honorable Henry V. Pennington, Judge of the Boyle Circuit Court, from entering summary judgment against them in the approximate sum of $171,300. Kentucky Constitution, Section 110. The respondent judge announced his intention to enter the judgment, pending this court's ultimate ruling in the present proceeding. A temporary order of prohibition was issued to preserve the status quo until final decision could be made.

The present controversy has arisen since remand of the litigation dealt with in Mid-Southern Toyota, Ltd. v. Bug's Imports, Inc., Ky., 453 S.W.2d 544. Bug's Imports, Inc. (Bug's) has intervened in the present proceeding, resisting the motion for an order of prohibition.

Bug's moved for summary judgment upon remand of the case. The motion was accompanied by an affidavit partially, but incompletely, alleging the number of vehicles for which Bug's deemed itself entitled to commission at $100 per car. Mid-Southern filed no response to that motion, although it is apparent that Mid-Southern has vigorously maintained in the circuit court, as it does here, that there simply is no authority in law for Bug's to seek summary judgment for recovery of money in a declaratory judgment proceeding devoid of any pleading asserting a claim for such monetary recovery.

It is the view of the respondent judge, shared by intervenor Bug's, that KRS 418.-055 provides ample basis for the motion for summary judgment by virtue of its proviso:

"Further relief, based upon a declaratory judgment * * * may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief, either in the same proceeding wherein the declaratory judgment * * was entered, or, in an independent action."

We regard it as unnecessary to now determine whether KRS 418.055 gives basis for the effort of Bug's to obtain a money judgment. At first blush, it would appear so upon the filing of an appropriate pleading. The trial judge has the initial prerogative of ruling whether such proceedings are permitted. His ruling in that regard is subject to appellate review.

This court consistently has held that it will not issue an order of prohibition to afford relief against an allegedly erroneous order of a circuit judge, unless the petitioner demonstrates that the judicial officer is without jurisdiction to act, or, if acting within his jurisdiction, is acting erroneously so as to cause great and irreparable injury from which the petitioner has no other available or adequate avenue for relief. Faulkner v. Bertram, Ky., 435 S.W. 2d 60; Pace v. Wolfinbarger, Ky., 420 S.W.2d 561; Beachcomber Club, Inc. v. Keith, Ky., 402 S.W.2d 689.

We think it is beyond cavil that the respondent is proceeding within his jurisdiction. We are unable to perceive wherein the regular avenue of appeal would be inadequate as a channel for relief from alleged error of the trial judge. In these circumstances, we conclude that the petitioners have not demonstrated their entitlement to the extraordinary relief sought.

We observe that so far as appears from the record before is it would seem that orderly procedure and prompt ultimate conclusion of this entire matter require more specific pleading by Bug's with an opportunity to Mid-Southern and Amco to interpose such defenses as they desire, looking

toward framing issues, if any, for a trial attended with the usual opportunities for preparation, cross-examination, and the like.

The temporary order of prohibition issued in this proceeding is now dissolved, and the motion for permanent order of prohibition is overruled.

All concur.