**FIRST NATIONAL BANK OF GRAYSON, Appellant,**

v.

**CITIZENS DEPOSIT BANK AND TRUST, Appellee.**

Court of Appeals of Kentucky.

Aug. 14, 1987.

Philip D. McKenzie, Grayson, for appellant.

Thomas M. Bertram, II, Vanceburg, for appellee.

Before COMBS, COOPER and DYCHE, JJ.

COMBS, Judge.

This appeal deals with the priority of certain liens as between appellant and appellee pursuant to the Kentucky Commercial Code.

Appellant, First National Bank of Grayson [First Bank], and appellee, Citizens Deposit and Trust [Citizens Bank], are both creditors of C & M Mining Corporation [C & M] and others. First Bank filed a complaint against C & M seeking to collect on two past due promissory notes. Citizens Bank was named as a defendant since it was also one of C & M's lienholding creditors.

The two notes were executed on December 26, 1984. One note was for $50,150.88, and was a renewal of an earlier obligation

from C & M to First Bank. The note was secured in part by a written security agreement on equipment of C & M, which was executed on April 3, 1982. A financing statement pertaining to the transaction was filed with the County Court Clerk on April 14, 1982. On January 8, 1985, shortly after the renewal, First Bank and C & M filed a continuation statement pertaining to the financing statement. C & M became delinquent on this loan on January 25, 1985. The second note was for $18,000.00. Security for this note was essentially the same as for the other. C & M became delinquent on this loan on February 24, 1985.

First Bank plead that Citizens Bank had some interest in or lien on the security, but that such was inferior to its own. Citizens Bank's answer to the complaint did not assert a counterclaim or affirmative defense by name, but alleged that it had an "interest or lien on the secured collateral,"

and denied "that its lien is inferior to that of [First Bank]."

Citizens Bank introduced evidence of its transaction of a demand note executed with C & M January 3, 1983, in the amount of $130,630.56. The note's accompanying security agreement, dated January 3, 1983, was filed with the County Court Clerk, along with the financing statement, January 27, 1983. Citizens Bank also introduced evidence of another demand note it had transacted with C & M on August 4, 1984, in the amount of $136,400.00. The accompanying security agreement was also dated August 4, 1984, and the financing statement was filed with the County Court Clerk on August 15, 1984.

There is some indication in the record that on August 17, 1983, C & M paid First Bank the entire balance of the original installment note of April 3, 1982.

The sequence of these transactions can be better understood with the aid of the following chart:

## TRANSACTIONS WITH C & M

| FIRST BANK | CITIZENS BANK |
|---|---|
| April 3, 1982:<br>Filed Security Agreement | |
| April 14, 1982:<br>Filed Financing Statement | |
| | January 3, 1983:<br>Demand note, Security Agreement |
| | January 27, 1983:<br>Filed Security Agreement and Financing Statement |
| August 17, 1983:<br>C & M paid original installment note of April 3, 1982 | |
| | August 4, 1984:<br>Demand note, Security Agreement |
| | August 14, 1984:<br>Filed Financing Statement |
| December 26, 1984:<br>Two notes executed as renewals of earlier obligations | |
| January 8, 1985:<br>Filed Continuation Statement pertaining to April 14, 1982 Financing Statement | |
| January 25, 1985:<br>C & M delinquent on $50,000 note | |
| February 24, 1985:<br>C & M delinquent on $18,000 note | |

The trial court entered an order and judgment on August 7, 1985, granting judgment in favor of First Bank as to certain of the debtor-defendants. Its order of September 3, 1985 allowed First Bank to sell some of the debtors' real estate. It was on May 20, 1986, that the trial court entered its order that Citizens Bank's lien on the debtors' equipment had priority over those of First Bank. This is the order on appeal.

■ First Bank's first argument attacks the order on the grounds that it grants relief to Citizens Bank which is inconsistent with the pleadings, citing CR 8.03, 12.03, 12.08 and 13.01. As mentioned above, Citizens Bank's answer did not enumerate any affirmative defense or counterclaim as such, but it did deny that its liens were inferior to First Bank's liens. The answer continued to state a claim for relief consistent with its averments.

CR 8.01 calls for a pleading which sets forth a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief, and demand for judgment. No technical forms of pleadings are required. CR 8.05. There was no undue prejudice or surprise to First Bank. The nature and legal effect of a pleading will be determined by its substance rather than by mere linguistic form. *Griffith v. Schultz*, Ky., 609 S.W.2d 125 (1980).

■ First Bank next attacks the trial court's order on the ground that the previously entered order and judgment of August 7, 1985, concluded all matters in favor of First Bank, and Citizens Bank's motion to determine lien priority and the resulting order were barred by *res judicata*. We

believe that because the trial court clearly stated in its August 7th order and judgment "that all other matters pertaining hereto are hereby reserved pending further orders of this court," its later order on the issue of lien priority was not barred.

The final and most substantial issue now remaining is, of course, who had the prior perfected lien? First Bank claims that its security agreement of April 3, 1982, gives it the prior perfected security position, above that of Citizens Bank's dated January 27, 1983. Citizens Bank responds by asserting that its junior lien was elevated to a superior one for two reasons: (1) on August 17, 1983, C & M satisfied in full its obligation to First Bank on the original note, and (2) the financing statement filed by First Bank on April 14, 1982, failed to note the future advance clause contained in the security agreement.

■ The record does indeed show that the security agreement between First Bank and C & M of April 3, 1982, was stamped "PAID" on August 17, 1983. Regarding a security agreement as ever being "PAID" is incongruous with the nature of that paper. A security agreement creates or provides for security interest. It is the "instrument," the note, that is paid, not the security agreement. Upon payment of the note the security agreement is *released.* *See* KRS 355.9–105(1)(g) and (h). Nevertheless, we believe the stamp of "PAID" on the security agreement is strong circumstantial, if not direct, evidence that the underlying original note was paid. First Bank argues that even if the original note was paid by C & M, the security agreement in question clearly provided that it stood for security of future and other indebtedness from C & M. This advance clause in the security agreement covered all debts from C & M to First Bank from April, 1982, through the conclusion of the trial. Such clauses are permitted by KRS 355.9–204(5). Thus, the security agreement was never released because C & M did in fact continue to borrow from First Bank, and never abated its indebtedness to First Bank. The facts of record support these assertions, thus we agree that whether or not the original note was paid, the security agreement stood.

Our conclusion is clarified by contrasting the facts of this case with those before the court in *ITT Indus. Credit v. Union Bank & Trust,* Ky.App., 615 S.W.2d 2 (1981). The *ITT* case held that a perfected security interest evidenced by a security agreement without a future advance clause has no priority in relation to a subsequent creditor with a perfected interest in the same collateral, after the obligation of the first security agreement was fully paid and the original creditor makes a new loan for new and different collateral, while taking a new security agreement and naming the original items as additional collateral. Here, there *was* a future advance clause, and here the obligation of the first security agreement *was not* ever paid in full.

■ Next, Citizens Bank contends that its lien has priority because First Bank did not note the existence of the future advance clause on its accompanying financial statement, which failed to put subsequent creditors on notice that the clause exists. We disagree because the commercial code nowhere forbids the filing of a financing statement before the security agreement is made or the security interest otherwise attaches. Financing statements can be filed before such time so a requirement that they memorialize the particulars of a security agreement cannot be imposed. Furthermore, actual notice to any would-be subsequent creditor is provided by the future advance clause appearing in the security agreement. *ITT Indus. Credit, supra* at 5.

The order of the Carter Circuit Court is hereby reversed and this cause remanded for entry of a new order to reflect that First Bank's security interest in the collateral in question was perfected at all material times, and prior in right to Citizens Bank.

All concur.