**Jerry BUSH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 92–CA–3070–MR.

Court of Appeals of Kentucky.

Feb. 10, 1995.

As Modified March 10, 1995.

Jerry Bush, pro se.

Chris Gorman, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, SCHRODER and WILHOIT, JJ.

WILHOIT, Judge.

Jerry Bush appeals from an order of the Letcher Circuit Court directing that a 1985 Ford Bronco motor vehicle which he owned be returned to him "upon payment of storage fees." The court found that the vehicle had been properly seized by the Letcher County Sheriff's Department in connection with a search for marijuana, but "that the evidence presented did not establish probable cause to believe this vehicle was used in furtherance of the instant crime herein." Mr. Bush himself was not charged with any offense and claimed his vehicle had been left where the Sheriff's Department seized it to be sold for him.

The appellant argues that the trial court erred in requiring him to pay storage fees as a condition to the vehicle's return. The Commonwealth responds that the court could not have done otherwise in view of the statutory lien created by KRS 376.275, and that to avoid storage fees the appellant should have made application to post security for the return of his vehicle under KRS 218A.415(3)(a)(5).

As an initial matter, we have some problem in squaring the court's finding that the seizure of the appellant's vehicle was proper with its finding that there was not probable cause to believe the vehicle had been used in furtherance of a crime. Be that as it may, the seizure, as the appellee appears to agree, seems to have been made pursuant to KRS 218A.415(1)(d). The return on the search warrant does not list a 1985 Ford Bronco as having been seized pursuant to the warrant. The appellee's suggestion that the appellant should have proceeded under KRS 218A.415(3)(a)(5) is rather strange inasmuch as that section of the statute deals with the seizure of real estate. See KRS 218A.415(3). We also observe that the lien provided for in KRS 376.275 is limited to ten days' storage fees unless the notice provision of the statute is complied with.

KRS 218A.415(2) provides that property seized under that statute "shall be deemed to be in the custody of the law enforcement agency" and is not subject to replevin, but only to the orders of the court having jurisdiction over the forfeiture proceedings. The law enforcement agency has authority to "[r]emove the property to a place designated by it." In this case the designated place must have been a commercial storage facility, although neither the appellant nor the appellee states that to have been the case. We assume it to be so because of the appellee's reference to KRS 376.275. The operator of the storage facility thereby became the agent for the sheriff's department in whose custody the vehicle continues to repose by statute. *Robey v. Winn*, Ky., 453 S.W.2d 763 (1970), makes clear that when a motor vehicle is seized by law enforcement officers because of its use in connection with the commission of a crime, and it is later found that there was no such use, whatever arrangement the officers may have made for storage of that vehicle "cannot impose a liability on the owner nor impair his right to possession under [a] court order." *Id.*

At the time of the *Robey* decision, KRS 376.275 did not specifically apply to vehicles "involuntarily towed or transported pursuant to order of police [or] other public authority" as it now does. Although the *Robey* court made mention of the fact that the vehicle in that case had been stored without the owner's consent, it did not turn the case on that fact. We conclude that, based upon the particular facts of this case, the appellant cannot be required to pay storage fees as a condition to regaining possession of his motor vehicle. For this reason the order of the circuit court is vacated and this case is remanded for entry of an order consistent with this opinion.

All concur.