103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry BUSH, Plaintiff-Appellant,
v.
Steve BANKS, et al., Defendants-Appellees.
 Nos. 95-6370, 96-5015.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 95-00193; Joseph M. Nood, Judge.
 E.D.Ky.
 REVERSED.
 Before: MARTIN, Chief Judge; WELLFORD and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Plaintiff-Appellant, Jerry Bush, appeals the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his complaint raising claims under 42 U.S.C. § 1983 and state law arising out of the seizure of, retention of, and subsequent damage to Bush's vehicle. Because we conclude that Bush's complaint stated a cause of action for which relief could be granted, we reverse the decision of the district court and remand for proceedings consistent with this opinion.
 
 
 2
 * Jerry Bush owns a 1985 Ford Bronco. Prior to September 17, 1991, Bush kept the Bronco on property occupied by Harm and Alta Stamper in Isom, Letcher County, Kentucky. On September 17, 1991, the Letcher County Sheriff's Department executed a search warrant against Thomas Stamper, a resident of the property adjacent to Harm and Alta Stamper, based on probable cause that Thomas Stamper cultivated marijuana. The Bronco was seized and brought to Collins Towing. No marijuana was found within the Bronco. Thomas Stamper was later arrested, charged, and convicted of various marijuana-related offenses. Bush was never charged with any crime in connection with the seizure of the Bronco.
 
 
 3
 Thomas Stamper entered into a forfeiture agreement with the government that specifically excluded from forfeiture Bush's Bronco. No forfeiture hearings of any kind were conducted in connection with the Bronco. On July 28, 1992, Bush intervened in Stamper's state criminal case and moved the Letcher Circuit Court to return the Bronco to him. The Letcher Circuit Court ruled that the Bronco was properly seized, but should be returned to Bush because there was insufficient evidence to believe that it was used for furtherance of drug-related crimes. The court required Bush to pay accumulated storage fees. On Bush's appeal, the Kentucky Court of Appeals vacated and remanded, holding that Bush was entitled to return of the vehicle without payment of storage fees. Bush v. Commonwealth, 893 S.W.2d 798 (Ky.Ct.App.1995).
 
 
 4
 On March 23, 1995, the Letcher Circuit Court ordered Banks to return the vehicle. Five days later, Bush recovered his Bronco from Collins Towing. Bush alleges that the Bronco was damaged while in the custody of the Sheriff's Department to such an extent that the cost of repair exceeded the Bronco's fair market value.
 
 
 5
 Bush filed a civil rights action against Sheriff Steve Banks, unknown deputies of the Letcher County Sheriff's Department, Western Surety Company, and Paul Wayne Collins of Collins Towing. Count One alleges that Bush's vehicle was unlawfully and unreasonably seized by the Sheriff and his deputies (Complaint p 9), and that, as a direct result of the actions of defendants (presumably the seizure, retention, and damage of the vehicle), Bush suffered deprivation and loss of use of private property in violation of his rights under the Fourth and Fourteenth Amendments (Complaint p 19); deprivation of his rights under the Fourth and Fourteenth Amendments to be secure in his person and his private property, to be free from unreasonable seizure, to be free from punishment without due process, and to equal protection of the laws (Complaint p 20); and extreme embarrassment, mental anguish, and severe emotional distress (Complaint p 21). Count Two alleges that defendants (including the Sheriff's Department defendants and Collins) "are answerable" to Bush for the damage done to his vehicle while in defendants' custody. Count Three alleges that defendant Western Surety is "answerable" to Bush under state law for the wrongful acts of Sheriff Banks, given the alleged breach of Banks's "official bond to well and truly discharge his duties as Sheriff" (Complaint p 29).
 
 
 6
 All defendants filed or adopted motions to dismiss under Fed.R.Civ.P. 12(b)(6). The district court dismissed the § 1983 claims, finding that probable cause existed for the seizure of Bush's vehicle by Banks, and, therefore, no constitutional violation occurred. Based on its finding, the district court did not consider qualified immunity defenses and also declined to exercise supplemental jurisdiction over Bush's pendent state law claims against Collins.
 
 II
 
 7
 The present action comes before us following a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Whether the district court correctly dismissed this suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995). In conducting our review, we must construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts supporting his claims that would entitle him to relief. Id. at 1100-01. "A complaint need only give 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993) (quoting Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990)). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (citations omitted). Accordingly, Bush's complaint should be dismissed only if it alleges no set of facts which entitles him to legal relief.
 
 
 8
 It is settled law that matters outside the pleadings are not to be considered on Rule 12(b)(6) review. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989). Despite the persistent attempts on both sides to divert our focus to factual matters outside the pleadings, we will consider only the complaint before us, and not matters outside the pleadings.
 
 
 9
 Applying these standards, we hold that the complaint here withstands the motion to dismiss as to the retention of and damage to the vehicle. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and also must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir.1996). Essentially, the facts in the complaint allege the following scenario: Bush owned a vehicle that was seized by the government; Bush was never charged with a criminal offense; forfeiture proceedings were never instituted against the vehicle; the vehicle was not returned to Bush for over three and a half years despite his efforts to retrieve it; and when the Bronco was finally returned, it had been severely damaged. Applying the liberal standard under which we read pleadings, we construe the first count of Bush's complaint to aver, inter alia, that his property was retained by the county for an extensive period of time, arguably with an inadequate process for recovery, that his property was damaged while in the custody of the county, and that these actions amounted to a deprivation of property without due process and a denial of the right to be free from unreasonable seizure. Such claims, if borne out by the evidence, are legally cognizable. Under the circumstances, Bush should be given the opportunity to develop his claims with respect to the duration of the detention and whether reasonable steps were taken to avoid damage to the vehicle.
 
 
 10
 Bush's complaint also alleges a § 1983 cause of action arising from the unlawful and unreasonable seizure of the Bronco. The complaint refers to a state trial court judgment that was not overturned on appeal which found that the Bronco had been properly seized by the defendants. Thus, the precise issue of the validity of the seizure was raised, litigated, and, in fact, decided in a prior state court proceeding. Absent any indication in the complaint of any lack of a full and fair opportunity to litigate the seizure's validity in state court, we believe that Bush is precluded from relitigating the same issue in this § 1983 action. See Allen v. McCurry, 449 U.S. 90 (1980); Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987). Since under no set of facts will Bush be able to establish a § 1983 claim based simply upon unlawful or unreasonable seizure, any such claims arising solely from the seizure were properly dismissed.
 
 
 11
 We must acknowledge that the complaint with respect to Counts Two and Three is notably vague, simply stating that the defendants are "answerable" for their behavior. However, defendants' counsel has other mechanisms available, including a motion pursuant to Fed.R.Civ.P. 12(e), to obtain a more definite statement of the complaint. Suffice it to say that the complaint, under the required liberal reading that we must apply, alleges causes of action arising under 42 U.S.C. § 1983 for the retention of and damage to Bush's seized property.
 
 
 12
 In light of our decision and the remand, we express no opinion on qualified immunity principles or a motion for summary judgment. Because the district court did not consider the qualified immunity question below, it would be premature for us to consider it here. We reiterate that our determination here is strictly limited to reviewing the claims asserted in the complaint. It will now be up to Bush to do what he vigorously attempted here, that is, to come forward with evidence to prove his claims.
 
 III
 
 13
 We hold that, as a matter of law, Bush's complaint stated a claim for which relief could be granted. The complaint alleges, albeit vaguely, that Bush's constitutional rights were violated by the defendants' prolonged retention and lack of care with respect to his seized property. Accordingly, the orders of the district court dismissing Bush's claims are hereby REVERSED and the case REMANDED to the district court for proceedings consistent with this opinion.[1]
 
 
 
 [1]
 At oral argument, Bush's counsel acknowledged that the only claims against Collins were state law causes of action. Because we have reinstated the federal claims, the basis for the district court's dismissal of these claims no longer exists, and under supplemental jurisdiction principles these state law claims should be similarly reinstated